Louis A. Valente, J.
Defendant, a foreign corporation operating a resort hotel in Georgia, moves to vacate the service of the summons and complaint on the ground that the court *497 has no jurisdiction of its person, in that defendant is not doing-business in this State and the persons served are not the managing- agents of defendant.
The essential facts are not disputed. Defendant is listed in the New York City telephone directory; advertisements, catalogues and correspondence refer to a “New York office.” At the “New York office ” thus advertised, information concerning the hotel and its accommodations is furnished, and applications for reservations and accommodations are received for transmission to Georgia for acceptance. These are the sole activities conducted on behalf of the defendant in New York. It has no employees in this State and pays no rent here. The activities enumerated are carried on, on its behalf by an independent contractor, a New York corporation, which carries on similar activities for a number of other resort hotels located elsewhere, receiving its compensation, so far as this defendant is concerned, in the form of a commission on such reservations as are made through it.
These activities fall short of that doing of “ business ” within this State by the doing of which a foreign corporation subjects itself to the jurisdiction of our courts. The distribution of information and of advertising literature clearly do not constitute the doing of business. It is the solicitation and receipt here of applications for reservations for transmission to the defendant’s Georgia headquarters upon which, if at all, must rest the plaintiff’s contention that the defendant is doing business in this State.
Of the numerous cases in which the jurisdiction of our courts over foreign corporations allegedly doing business in this State has been in question none appears to have involved activities identical with those here presented. Perhaps most nearly analogous are those cases in which the defendant foreign corporation has engaged in this State in the solicitation of orders for merchandise for transmission to another State for acceptance, whereupon the merchandise is to be shipped into this State. In the most recent case of this character to reach the Court of Appeals, Ray D. Lillibridge, Inc., v. Johnson Bronze Co. (220 App. Div. 573, 574, affd. 247 N. Y. 548), the service was made upon one who, as in the present case, “ was eng*aged in business soliciting orders for * * * several companies, including * * * defendant. ’ ’ As in the present case ‘ ‘ He maintained and paid the rent and expenses of his own office. His only compensation from the defendant was the commissions received by him on such orders as were obtained and sent by him out of the State, where they were accepted by the defendant.” In that *498 case, it will be observed, the solicitation was for orders for merchandise, the acceptance of which by the defendant would result, and the opinion indicates did result, “in a continuous shipment of commodities into the State ” (p. 576) — an element which, in the earlier case of Tauza v. Susquehanna Coal Co. (220 N. Y. 259) had been stressed by the court as supporting the result there reached in favor of sustaining the service upon the foreign corporation. Nevertheless, in the Lillibrid-ge ease the court, relying upon the controlling ease of Green v. Chicago, Burlington & Quincy Ry. Co. (205 U. S. 530) declined to hold the foreign corporation to be within the jurisdiction of our courts» In the present case where the solicitation of orders (reservations) did not even contemplate the shipment of goods into this State, and did not result in any further activities in this State, the absence of jurisdiction is even more marked.
Nor does the present case come within the rule more recently announced by the Court of Appeals (Yeckes-Eichenbaum, Inc., v. McCarthy, 290 N. Y. 437, 442, 444) that “ the plaintiff was required to show not only that the defendants were doing a substantial part of their business in New York (Holzer v. Dodge Brothers, 233 N. Y. 216, 221), but that the agent in charge was vested with general powers involving judgment and discretion ”.
The fact that the defendant employed the words New York office ” in its literature is no evidence that it was in fact “ doing business” at that office. At most this was a representation that it was doing business there, which in the absence of any circumstances creating an estoppel, cannot avail the plaintiff» The same is true of the listing of the defendant’s name in the telephone directory, and on the bulletin board of the building in which the “ New York office ” is located, and on the door of that office.
Even if the recent case of International Shoe Co, v. Washington (326 U. S. 310) be regarded as extending the jurisdiction of the State courts over foreign corporations conducting activities therein to a degree formerly thought repugnant to the requirements of due process, or as warranting this court in applying with greater latitude the rules heretofore laid down by the courts of this State, the facts in the case at bar would not subject the def endant to the jurisdiction of our courts. The activities of the defendant in this State do not amount to “ such contacts * * * as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit”. (International Shoe Co. v. Washington, supra, p. 317.)
The motion to vacate the summons and complaint is granted»