Sylvia GREENE, Harry Greene, Mary Lo Prince and Don J. Lo Prince, Plaintiffs,

v.

SWISSAIR TRANSPORT CO., Ltd., Globus Mantegazza and Albek S.A., also known as Globus Tours, Mantegazza & Albek Inc., Lugano, also known as Globus Tours, Defendants.

United States District Court
S. D. New York.
May 31, 1963.

B. Leo Schwartz, New York City, for plaintiffs.

Wormser, Koch, Kiely & Alessandroni, New York City, for defendants.

RYAN, Chief Judge.

Defendant moves for an order vacating the service of the summons and dismissing the complaint, pleading lack of jurisdiction over the person and insufficiency of service of process [Title 28 U.S.C.A. Rule 12(b) (2) and (5)].

■ This suit arises from an alleged accident, which occurred in March 1962, involving a bus claimed to be owned by defendant. The plaintiffs, two married couples (Greene and Lo Prince), residents of Ohio and New York respectively, and passengers on the bus, claim damages for personal injuries and loss of services as a result of the accident.

Defendant, Ufficio Viaggi Globus Mantegazza & Albek, S.A. named in the complaint as Globus Mantegazza and Albek S.A.; also known as Globus Tours, Mantegazza and Albek Inc., Lugano and Globus Tours (Mantegazza Lugano), is a Swiss corporation with offices in Lugano, Switzerland. It does no business in New York and has not designated anyone in New York as its agent, to accept service of process.

Service of process was effected by serving Roger A. Schmid, Vice President of Mantegazza and Albek, Inc. (Mantegazza New York) a New York corporation, as defendant's agent. Defendant pleads that Mantegazza New York is a separate and distinct corporation and cannot be considered Mantegazza Lugano's agent to accept service of process. We do not agree with defendant's contention.

Defendant, Mantegazza Lugano, is engaged in the business of conducting guided bus tours of Europe. It owns some buses and rents others. Mantegazza New York is essentially a wholesale travel bureau. It receives travel accommodation orders for European tours from retail travel bureaus who have, in turn, received orders from their individual clients, the tourists. In this case, Swissair Transport Co., Ltd. (Swissair), an air carrier, offered "package" tours (air and overland transportation) to independent travel bureaus. Swissair then ordered the individual overland tours from Mantegazza New York. Mantegazza New York then organizes a group tour and hires a tour from Mantegazza Lugano. At the end of each tour, Mantegazza Lugano renders to Mantegazza New York a bill for the entire tour, less a 7% discount (5% in this case). Mantegazza New York bills the travel bureaus (Swissair in this case) for each tourist and receives payment therefrom.

Weiner Albek and Sergio Mantegazza are President and Vice President, respectively of both Mantegazza Lugano and Mantegazza New York and are the sole stockholders of both corporations. Mantegazza New York is a separate and distinct corporation in that it employs its own staff, maintains its own bank account, owns its own property, pays its own taxes and keeps its books completely separate from Mantegazza Lugano. This is apparently an attempt to give Mantegazza New York an identity of its own and give the impression that Mantegazza Lugano does no business in New York. The defendant's attempt to disassociate itself from Mantegazza New York for the purposes of legal liability has not been successful.

■ Mantegazza New York's stationery carries as part of its letterhead the words "The Largest Motorcoach Tour Operator on the European Continent, European Head Office: Globus Tours, Mantegazza and Albek, Inc. Lugano, Switzerland * * * ". Mantegazza Lugano's stationery carries the words "New York Office Globus Tours Inc. 521 Fifth Avenue, New York 17, N.Y. * * * ". These are indications that Mantegazza New York is acting as agent for Mantegazza Lugano and is not a separate corporation. Where a subsidiary of a foreign corporation is the "mere instrumentality" of that foreign corporation, it is the latter's agent for the acceptance of service of process. [Goodman v. Pan American World Airways, 1 Misc.2d 959, 148 N.Y.S.2d 353 aff'd 2 A.D.2d 707, 153 N.Y.S.2d 600 (1956)].

Although Mantegazza New York is a New York corporation, it is under the domination of the Mantegazza Lugano and only acts as a funnel through which orders for tours from American tourists

flow to the parent corporation. Indeed, defendant admits in its memorandum that "it (Mantegazza New York) might have been an instrumentality of the defendant for purposes of selling its services to American tourists." (p. 11) [Cf. Latimer v. S/A Industrias Reunidas F. Matarazzo, 175 F.2d 184 (2nd Cir., 1949)].

Mantegazza Lugano's activities through Mantegazza New York have been continuous and sufficient thereby allowing New York to exercise its authority over defendant, while the form of service used here was reasonably calculated to give defendant notice of this suit [International Shoe Co. v. State of Washington et al., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)].

Motion denied. So ordered.