Chief Judge Fuld.
 

 The underlying issue presented by this appeal is whether service of process on the New York branch of a foreign (Canadian) bank sufficed to give our courts jurisdiction over an incorporated branch of the same bank located in France. However, before we reach that issue, we must pass upon the plaintiff’s motion to dismiss the proceedings in our court on the ground that the question certified to us by the Appellate Division is not decisive of the appeal.
 

 We deem the case to be properly before us. (See N. Y. Const., art. VI, § 3, subd. b, par. [4]; CPLE 5602, subd. [b], par. 1.) The Appellate Division placed its decision solely on the issue posed by the certified question and has expressly left undetermined
 
 *130
 
 other possible bases for its decision. In such a situation, the certified question enables us to accord full review to the issue decided by the Appellate Division and, if the appellant were to prevail in our court, it would be entitled to a reversal — even though only to the extent of having the case remitted to the Appellate Division or to Special Term for consideration of the undetermined questions. (See Cohen and Karger, Powers of the New York Court of Appeals, pp. 365-366.) This case is no different in principle from one where the Appellate Division has denied a discretionary remedy on the law alone, without reaching the question of discretion, and has certified to this court solely the question of law determined by it. It is settled that, in such circumstances, the question of law certified is decisive of the correctness of the Appellate Division’s decision, notwithstanding that the appellant, if successful in our court, would be entitled on reversal not to the ultimate relief he seeks but only to a remission to the Appellate Division for consideration of the question of discretion left undetermined by that court. (See, e.g.,
 
 Great Northern Tel. Co.
 
 v.
 
 Yokohama Specie Bank,
 
 297 N. Y. 135; see, also, Cohen and Karger, Powers of the New York Court of Appeals, p. 377.) The motion to dismiss the appeal must, therefore, be denied.
 

 It may be helpful, in considering the merits, to say a word, first, about the variant bases for in personam jurisdiction under CPLR 301 and CPLR 302. CPLR 301 authorizes a court to exercise “ such jurisdiction over persons * * * as might have been exercised heretofore.” Thus, in accordance with settled principles of jurisdiction, if a foreign corporation is “ doing business ” in New York, it may be served with process here or out-of-state (CPLR 313), and the court will acquire personal jurisdiction over the corporation for any cause of action asserted against it, no matter where the events occurred which give rise to the cause of action. (See, e.g.,
 
 Bryant
 
 v.
 
 Finnish Nat. Airline,
 
 15 N Y 2d 426;
 
 Taca Int. Airlines
 
 v.
 
 Rolls-Royce of England,
 
 15 N Y 2d 97;
 
 Tauza
 
 v.
 
 Susquehanna Coal Co.,
 
 220 N. Y. 259;
 
 International Shoe Co.
 
 v.
 
 Washington,
 
 326 U. S. 310.) On the other hand, CPLR 302, the “long-arm” statute, enables our courts to acquire personal jurisdiction over foreign corporations not “ doing business ” here in the traditional sense. It is enough if the cause of action asserted against
 
 *131
 
 the defendant corporation arose from its transaction of business in Mew York—and, in such a case, process may be validly served upon the corporation outside the State. (See, e.g.,
 
 Longines-Wittnauer
 
 v.
 
 Barnes & Reinecke,
 
 15 N Y 2d 443;
 
 Lewin
 
 v.
 
 Bock Laundry Mach. Co.,
 
 16 N Y 2d 1070;
 
 Gutfreund
 
 v.
 
 Russ,
 
 16 N Y 2d 637.)
 

 In the case before us, the defendant Royal Bank of Canada has conceded that it is doing business in New York and that it was validly served with process here at its New York branch. The sole issue is whether the defendant Royal Bank of Canada (France) was also doing business in New York, by virtue of which the Supreme Court acquired personal jurisdiction over that defendant for purposes of this suit regardless of where the events occurred which gave rise to the plaintiff’s cause of action. We agree with the courts below that such jurisdiction was acquired over the French branch of the Royal Bank, notwithstanding that the French branch is separately incorporated in France. The record establishes that the Royal Bank of Canada (France) was nothing more than the name under which the defendant Royal Bank of Canada did business in France. Therefore, by proceeding against the Royal Bank of Canada and the Royal Bank of Canada (France), the plaintiff simply sued the same defendant twice — once in the name by which it is generally known and, again, under the name by which it is known in France. Since this defendant was doing business in New York, it was amenable to suit here (under either or both of its names) and service of process here and in Paris operated to give the Supreme Court in personam jurisdiction over it.
 

 The French branch, it is true, is separately incorporated in France, apparently because France in the past has taxed foreign banks on their entire capitalization. However, all of the stock in the French corporation is owned by the Royal Bank of Canada, none of the other 1,145 branches of the bank in some 22 countries are separately incorporated and the bank makes no effort to distinguish or treat its French branch as a separate entity. The assets and liabilities of the French branch, like the assets and liabilities of all other branches, are carried on the books of the Royal Bank of Canada as part of its own assets and liabilities. In ita general advertising, as well as on its letterheads, the bank declares that France is one of many
 
 *132
 
 countries in which it has “ branches ” and, in point of fact, the bank’s annual report to its stockholders recites that the French branch was established “to conduct
 
 the business of the Bank
 
 in Paris The deposit slips, checks, passbooks and other bank documents of the French branch are printed and standardized in Canada by the Royal Bank. Moreover, the staff of the French branch is not only recruited and trained by the bank in Montreal but the principal personnel are apparently and with frequency shifted about from Paris to the bank’s home office and other branches. Finally, as the transactions in the record before us demonstrate, the French branch is merely notified and not consulted on accounts which are transferred to it from other Royal Bank branches, and the moneys in those accounts are reflected only in bookkeeping entries rather than by an actual transfer of the funds to France.
 

 In short, then, the facts detailed tend to establish that the Royal Bank of Canada (France) is not merely a subsidiary of the Royal Bank of Canada but is, in fact, if not in name, the Royal Bank of Canada itself. Since the two defendants are one and the same corporation, there is realistically no basis for distinguishing between them for. the purposes of this suit.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative. The motion to dismiss the appeal should be denied.
 

 Judges Van Voorhis, Burke, Scileppi, Bergan and Keating concur; Judge Breitel taking no part.
 

 Order affirmed, etc.