Gerda **RICHTER**, and Ernest Schneider, as Administrator and prosequendum of Manfred Heilmann, Deceased, Plaintiffs,

v.

**IMPULSORA DE REVOLCADERO, S. A.,** and Alfred P. Sioholm, Jr., Defendants.

No. 67–Civ. 247.

United States District Court
S. D. New York.

Oct. 25, 1967.

Harvey M. Lewin, New York City, for plaintiffs.

Hecht, Hadfield, Hays & McAlpin, New York City, by, C. J. Head, John J. Green, New York City, of counsel.

CROAKE, District Judge.

MEMORANDUM

Defendant, Impulsora De Revolcadero, S. A. (hereafter IMPULSORA), pursuant to Rule 12(b)(2) and (5), Fed.R. Civ.P., moves to dismiss this action against it, or, in the alternative, to quash the returns of the summons, complaint, amended summons and amended complaint, on the grounds that: 1. defendant, a corporation, incorporated under the laws of the Republic of Mexico, is not licensed to do business in the State of New York and is not and has not been doing business in the Southern District of New York, or elsewhere in the State of New York, so as to be amenable to process, and 2. that the summons, complaint, amended summons and amended complaint were never duly and properly served upon defendant so that the purported services thereof are invalid, and accordingly this court lacks in personam jurisdiction.

This action arose out of an accident on February 5, 1965, in Acapulco, Mexico. Manfred Heilmann[1] and Gerda Richter were passengers in an automobile operated by co-defendant Alfred Sioholm, Jr., which collided with a bus owned by

---

1. On oral argument it was stated that Manfred Heilmann had died soon after the accident and allegedly because of the accident. The present action is brought by his administrator.

IMPULSORA and driven by one of its employees. In addition to owning the bus, IMPULSORA owned the Hotel Pierre Marques for which the bus apparently was being operated. The action is based on the negligence of the respective defendants in the operation of their motor vehicles. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332 (1964).

Plaintiffs strenuously argue that defendant IMPULSORA is doing business in New York or at least was doing business in New York at the time of the accident. In support of this contention, plaintiffs state that IMPULSORA represented that its New York office was maintained at the Hotel Pierre in New York with a concomitant listing in the Manhattan telephone directory. They further claim that the Hotel Pierre was a *de facto* agent for the Mexican hotel because they made referrals of requests for reservations.[2] (It is not clear from the affidavits or from oral argument whether the Hotel Pierre (N.Y.) ever sent requests for reservations directly to the Hotel Pierre Marques or merely referred them to Robert F. Warner, Inc. (hereafter WARNER)—the travel agency who normally handled reservation requests for the Mexican hotel.) The plaintiffs, however, seem to place their greatest reliance on the fact that the Hotel Pierre Marques advertised extensively in the New York area, stating that they were affiliated with the Hotel Pierre (N.Y.).[3] It is contended that if this evidence is taken as a whole it establishes that IMPULSORA was doing business within the meaning of the New York law.

The defendant states that it does not now do business nor has it done business in New York. In the affidavit of Paul A. Landsman, secretary of the Pierre Management Corporation (hereafter P. M.C.) which owns and operates the Hotel Pierre (N.Y.), it is clearly stated that P.M.C. and IMPULSORA were separate entities, neither having control over the other. With regard to the advertising, Mr. Landsman states that in every instance any queries for further information were shunted to WARNER and not the Hotel Pierre (N.Y.) or P.M.C. In sum, all defendant's affidavits point to the conclusion that IMPULSORA's only business activity is running the Hotel Pierre Marques in Mexico and it is urged that whatever advertising done in the New York area was closely connected with WARNER, which as a large independent travel agent is clearly an independent contractor.

While it is true that the United States Supreme Court has lifted to a considerable degree its constitutional limitation on the service of process on foreign corporations, see e. g., International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), New York courts have not seen fit to change their settled rule as to the extent or exercise of jurisdiction under their doing business rule.[4] See Frum-

---

2. In the affidavit of Gerda Richter and on oral argument, it was alleged and not denied that defendant displays a sign in the lobby of the Hotel Pierre (N.Y.) advertising the Pierre Marques. It also appears that the Hotel Pierre Marques did not pay for this advertisement. Further, the plaintiffs point to a rather ambiguous letter from John Slack, the general manager of the Hotel Pierre (N.Y.) and vice president of P.M.C., stating that the Hotel Pierre (N.Y.) handled reservation requests for the Mexican hotel.

3. Exhibits show advertisements in "The New York Times" and the "New Yorker" magazine. Actually, the hotels are af-filiated with one another. Both hotels are owned by the Getty Oil Co., a Delaware corporation. On oral argument, Mr. Lewin stated that he called the Hotel Pierre (N.Y.) and asked for the offices of the Hotel Marques. He was allegedly told that the Hotel Pierre Marques *no longer had offices there and had not had any for the last six months.* The date given on oral argument was January 25, 1967 and the party to whom he spoke was a Mrs. Plumb.

4. In actions based on diversity of citizenship, the New York test of whether a person is doing business within the state is controlling. See Eck v. United Arab Air-

mer v. Hilton Hotels Internat'l, Inc., 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967); Public Administrator of County of N. Y. v. Royal Bank of Canada, 19 N.Y.2d 127, 278 N.Y.S.2d 378, 224 N.E.2d 877 (1967); Bryant v. Finnish Nat. Airline, 15 N.Y.2d 426, 260 N.Y.S. 2d 625, 208 N.E.2d 439 (1965). In Bryant v. Finnish Nat. Airline, supra, the New York Court of Appeals stated that the test for doing business should be a simple pragmatic one. The plaintiffs rely heavily on Frummer v. Hilton Hotels Internat'l, supra, which held Hilton Hotels (U.K.) Ltd., a British corporation, was doing business in New York. That conclusion was reached after examination of the Hilton Reservation Service which maintained an office in New York. The Court of Appeals found that the reservation service performed such extensive services for the British corporation that they did all the business which Hilton (U.K.) could have performed were it here by its own officials. (These services included: booking of reservations, establishing liaison with travel agents across the country, and doing other public relations projects for Hilton (U.K.).) The plaintiffs do not allege such intimate contact of either P.M.C. or the Hotel Pierre (N.Y.) with defendant IMPULSORA and this court cannot find such a connection on consideration of the seemingly isolated facts presented.[5]

Examination discloses the New York courts in several cases concerning hotels and involving similar advertising and promotional arrangements have held that they were not doing business within the

lines, Inc., 360 F.2d 804 (2d Cir. 1966); Arrowsmith v. United Press Internat'l, 320 F.2d 219, 6 A.L.R.3d 1072 (2d Cir. 1963). See also Walker v. General Features Corp., 319 F.2d 583 (10th Cir. 1963).

5. It is clear that plaintiffs have not shown or even pointed to facts which show the

meaning of the New York law. See Miller v. Surf Properties, Inc., 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958); Guile v. Sea Island Co., Inc., 11 Misc.2d 496, 66 N.Y.S.2d 467 (Sup.Ct. New York), aff'd, 272 App.Div. 881, 71 N.Y.S.2d 911 (1st Dept.), leave to appeal denied, 297 N.Y. 781, 77 N.E.2d 793 (1947). See also MacInnes v. Fontainebleau Hotel Corp., 257 F.2d 832, 835 (2d Cir. 1958); Mabuchi, Kameny & Smith, Inc. v. Horizon House, Inc., 64 Civ. 2040 (Nov. 17, 1964); Wiederhorn v. Sands, Inc., 142 F.Supp. 448 (S.D.N.Y.1956).

As it now stands, the plaintiffs have another action pending in a Mexican court. It was stated on oral argument that Mexican standards with regard to damage awards are substantially lower than the normal standards in this district or in any jurisdiction in the United States. However, this cannot alter the fact that there is no in personam jurisdiction laid in this court.

The plaintiffs have requested in the alternative a hearing to determine whether this court has jurisdiction over the defendant. However, upon examination of the affidavits of both sides, there are no issues which could differently be resolved by further examination of the facts. See H. L. Moore Drug Exchange, Inc. v. Smith, Kline & French Laboratories, 384 F.2d 97 (2d Cir. Oct. 5, 1967) (per curiam) (allowance of depositions).

In view of the foregoing the defendant's motion to dismiss under Rule 12(b) (2) is granted.

So ordered.

defendant is doing business in New York. For purposes of this argument, the court has accepted plaintiffs' contention that the time of doing business is determined as of the date of the accident. See Gonzales v. Ametek, Inc., 50 Misc.2d 62, 269 N.Y.S.2d 616 (1966).