TITU–SERBAN IONESCU, Plaintiff,

v.

E. F. HUTTON & COMPANY (France) S.A., Bernard J. Mallet and Axel Thiel, Defendants.

Charles MALKA, Bernard E. Blanchard and Virgil Pacuraru, Plaintiffs,

v.

E. F. HUTTON & COMPANY INC., the E. F. Hutton Group Inc. and Joel B. Grae, Defendants.

Nos. 76 Civ. 5591(MP), 76 Civ. 5592(MP).

United States District Court, S. D. New York.

July 25, 1977.

Richard Bennett Cooper, New York City, for plaintiffs.

Cahill Gordon & Reindel, New York City, for defendants by Thomas F. Curnin, Thomas J. Kavaler, Bruce V. Bordelon, New York City, of counsel.

POLLACK, District Judge.

The corporate defendants in these two related actions moved to dismiss the suit for lack of subject matter jurisdiction and venue, failure to join indispensable parties, forum non conveniens, and lack of personal jurisdiction over defendant Hutton (France), or in the alternative for a stay until plaintiffs post security for costs. This

Court in an order dated March 10, 1977 required plaintiffs to post security but denied the motion to dismiss,* except that it deferred deciding the claim of lack of jurisdiction over the person of Hutton (France) pending discovery by plaintiffs. The anticipated discovery has been completed and the parties are again before the Court on the personal jurisdiction issue.

Hutton (France) is a defendant (together with two individuals) only in the *Ionescu* action. Ionescu's complaint alleges that he was wrongfully denied a promised commission for arranging a loan to an undisclosed party for whom Hutton (France) was acting as agent.

The amenability of Hutton (France) to suit in this federal diversity action is determined by reference to the law of New York. *Arrowsmith v. United Press International,* 320 F.2d 219 (2d Cir. 1963). The only basis for jurisdiction over Hutton (France) now asserted by plaintiff is CPLR § 301, which provides that "A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." The "jurisdiction over persons . . . exercised heretofore" allegedly applicable to the present case is that over foreign corporations doing business in New York with a fair measure of permanence and continuity. *See, e.g., Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 115 N.E. 915 (1917); *Freeman v. Gordon & Breach, Science Publishers, Inc.,* 398 F.Supp. 519 (S.D.N.Y.1975).

■ Hutton (France) is a French corporation not qualified to do business in New York. It is, however, a wholly-owned subsidiary of a wholly-owned subsidiary of Hutton, a corporation which does do business in New York. If Hutton (France) is in fact merely a branch or department of Hutton the business done in New York by Hutton may be attributed to it by piercing the corporate veil. *See, e.g., Public Administrator of New York County v. Royal Bank*

---

* The motion to dismiss on grounds of forum non conveniens has been renewed, by permission, and is being held in abeyance pending resolution of certain preliminaries discussed with counsel.

*of Canada,* 19 N.Y.2d 127, 278 N.Y.S.2d 378, 224 N.E.2d 877 (1967); *Taca International Airlines, S.A. v. Rolls-Royce, Ltd.,* 15 N.Y.2d 97, 256 N.Y.S.2d 129, 204 N.E.2d 329 (1965); *Freeman, supra.*

■ Hutton (France) was incorporated in 1973 by five officers of Hutton, a wholly-owned subsidiary of Hutton, and an individual who had been associated with another wholly-owned Hutton subsidiary. Three of the incorporators who were Hutton officers are presently directors of both Hutton (France) and the wholly-owned subsidiary of Hutton which has since late 1973 owned Hutton (France). Hutton (France) is capitalized at 100,000 French francs (approximately $20,000), and it pays no dividends.

Hutton (France) is operated as a "guaranteed corporate subsidiary" of Hutton pursuant to New York Stock Exchange Rule 322. That Rule provides that "All obligations and liabilities of a corporate subsidiary formed hereunder shall be assumed or guaranteed by the member organization with which it is connected and such member organization shall be fully responsible for all acts of such subsidiary." Hutton has executed an agreement to guarantee all customer and trade creditor liabilities, obligations, and commitments of Hutton (France).

Hutton receives monthly profit and loss reports concerning Hutton (France), supervises its compliance with NYSE regulations, and periodically conducts informal audits of its records.

The principal business of Hutton (France) is brokerage. NYSE Rule 322 requires it to introduce all accounts to Hutton and forbids it from carrying accounts, holding customers' funds or securities, or dealing with customers as principal. Essentially, Hutton (France) transmits orders from its customers for securities to Hutton for execution.

More than half of Hutton (France)'s gross income, and all of its American business, is done through Hutton. Transmission of orders to Hutton is most commonly accomplished through a dedicated network of private teletype lines connecting the of-

fices. No broker unaffiliated with Hutton presently participates in the network. Transmission is also sometimes accomplished through a system of dedicated voice lines that connects Hutton with its European affiliates but does not include any unaffiliated brokers.

Hutton apparently charges Hutton (France) less, or at least on a somewhat different basis, for clearing transactions than it charges unaffiliated correspondent brokers.

The 1976 Form 10-K Annual Report filed by Hutton's parent corporation refers to Hutton (France) as a branch office. The 1973 Annual Report to Stockholders refers to Hutton (France) as part of its International Division and as an office operated by Hutton. Other annual reports and pamphlets published by Hutton similarly treat Hutton (France) as a branch or international division office operated by Hutton.

The foregoing establishes that Hutton (France) is in fact merely an incorporated division and instrumentality of Hutton. *See, e.g., Tokyo Boeki (U.S.A.), Inc. v. SS Navarino,* 324 F.Supp. 361 (S.D.N.Y.1971); *Greene v. Swissair Transport Co.,* 33 F.R.D. 13 (S.D.N.Y.1963). *See generally Boryk v. de Havilland Aircraft Co.,* 341 F.2d 666 (2d Cir. 1965). Consequently, piercing of the corporate veil is appropriate in the circumstances of this case and Hutton (France) is amenable to suit.

This is not a case where a parent corporation simply provides services in New York for a foreign subsidiary. *Compare Baird v. Day & Zimmerman, Inc.,* 390 F.Supp. 883 (S.D.N.Y.1974), *aff'd sub nom. Baird v. Harvey Aluminun Co.,* 510 F.2d 968 (2d Cir. 1975). Rather, although two separate corporate entities have been established here, only one commonly-owned enterprise exists which relies on the joint endeavors of each constituent part and each corporation functions as an integral part of a united endeavor. *See Freeman v. Gordon & Breach, Science Publishers, Inc.,* 398 F.Supp. 519 (S.D. N.Y.1975).

The arguments advanced by Hutton (France) are without merit. Separate in-

corporation is no bar to the exercise of jurisdiction over a corporation that is in fact a mere branch or department of a corporation that does do business in New York. That the foreign corporation over which jurisdiction is sought to be established is the subsidiary of the corporation directly doing business in New York, instead of vice versa, is immaterial. *Public Administrator of New York County v. Royal Bank of Canada,* 19 N.Y.2d 127, 278 N.Y.S.2d 378, 224 N.E.2d 877 (1967); *Freeman; supra.* While New York may not recognize the doctrine of jurisdiction by estoppel, Hutton's description of Hutton (France) is a factor to be considered. *Tokyo Boeki, supra; Greene, supra.*

■ Service of process upon Hutton's senior vice president and general counsel, who had corresponded with plaintiffs concerning the matter here in dispute, was appropriate. *Tokyo Boeki, supra.*

Accordingly, the motion to dismiss for lack of jurisdiction over the person of Hutton (France) is denied.

So ordered.