■ TESORO PETROLEUM CORPORATION, Appellant-Respondent, v HOLBORN OIL COMPANY LIMITED et al., Respondents-Appellants.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered June 14, 1985, which, among other things, granted the defendant Holborn Oil Company Limited's (Holborn) cross motion to dismiss the action for lack of personal jurisdiction, and denied plaintiff's summary judgment motion dismissing the first affirmative defense of lack of personal jurisdiction, and the fourth affirmative defense of forum non conveniens of the defendant Holborn's answer, unanimously modified, on the law and the facts, to grant the plaintiff's motion to the extent of dismissing the said first and fourth affirmative defenses of the defendant Holborn, and to deny the cross motion to dismiss for lack of personal jurisdiction, and otherwise affirmed, without costs.

The action has its genesis in the plaintiff's contention that it entered into a contract with the defendant Holborn, a Bermuda corporation, through a third-party broker, to sell approximately 25,000 metric tons of gasoline. The latter did not fulfill the contract, and the plaintiff sold the gasoline at a loss. The matter has been before this court previously in connection with the granting of the defendant's motion to dismiss the fourth cause of action for fraud in the inducement. *(Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607.)

There are five defendants. Holborn is a subsidiary of codefendant Coscol Petroleum Corp., which, in turn, is a subsidiary of Coastal Corporation. The other defendants are Coastal States Marketing, Inc. and Coastal States Trading, Inc. The five corporations are all related, with Coastal Corporation being the parent.

Coastal States Marketing, Inc. is licensed to do business in New York State and does not move for dismissal on the basis

of lack of personal jurisdiction. The defendants Coscol Petroleum Corp. and Coastal States Trading, Inc. are foreign corporations who do not transact business in this State, and their motion to dismiss was granted, and there is no appeal therefrom. If Holborn is present in New York State, it is by virtue of Coastal Corporation's presence. However, Coastal Corporation is not qualified to do business in New York State and contends it is not present here. Nonetheless, it leases an office at One Whitehall Street and shares a space with a financial consultant retained by it. For the purpose of this litigation, there is sufficient basis for concluding that the corporate veil between parent Coastal Corporation and subsidiary Holborn should be pierced. Holborn is treated in many respects by the parent as a department rather than as an independent subsidiary. *(Public Administrator of County of N. Y. v Royal Bank,* 19 NY2d 127.) Moreover, it was a Coastal States employee who handled the negotiations for the alleged contract for the gasoline for which Holborn was to take delivery.

Under the circumstances, Holborn's motion to dismiss for lack of personal jurisdiction should have been denied and, accordingly, the plaintiff's summary judgment motion dismissing the first and fourth defenses, which was denied as to all of the defendants except the defendants Coastal Corporation and Coastal States Marketing, Inc., should be granted with respect to the defendant Holborn. Concur—Kupferman, J. P., Sullivan, Carro, Fein and Ellerin, JJ.