Chief Judge Desmond.
Defendant Rolls-Royce of England, Ltd. (a British corporation hereafter called Ltd.) appeals from a reversal by the Appellate Division of a Special Term order which had granted a motion made by the appealing defendant Ltd. under old section 237-a of the Civil Practice Act to set aside a service of the summons on Ltd. made or purported to be made by delivering the summons in New York City to Rolls-Royce, Inc. (hereafter called Inc.) and to one Wilfred Bruce Thomson.
It is clear and now apparently conceded that the issue is as to jurisdiction in personam only, which resolves itself into an inquiry as to whether defendant Ltd. was doing business in New York through Inc., as its separately incorporated department or instrumentality, so that service of the summons on an officer of Inc. suffices as service on the British corporation Ltd. Inc., a Delaware corporation, has an office and officers in New York City and is authorized to do business in this State. Ltd. has no office or officers in this State and is not so authorized.
To keep the casting straight: plaintiff Taca is a corporation of El Salvador suing for damages done to its airplane in Nicaragua and allegedly caused by negligence of the several *100 defendants. The defendant Ltd. alone moves to, set aside service of summons. We heed not talk about the nonappealing defendants Capital and United. We must, however, mention Rolls-Royce of Canada, Ltd. (hereafter called Canada, Ltd.), not a party here but part of the picture because all of the stock of appellant Inc., the American subsidiary and defendant, is owned by Canada, Ltd., and all the latter’s stock is owned by the parent English company Ltd. It was the theory of the service-vacatur motion made by Ltd. that it does no business at all in New York State and that Inc. is a distinctly separate corporate entity. Plaintiff, upholding the service, argues that Inc-, is a mere incorporated division or arm of Ltd. acting solely as the American sales and service department of Ltd.
Special Term, confirming a Referee’s report after trial before the latter, held that Ltd. was not doing business in this State and that Inc. was not for purposes of service of summons an appropriate representative of Ltd. The court accordingly granted the motion of Ltd. and vacated the service as to it.
The Appellate Division majority held that the American subsidiary Inc., though nominally independent, actually functioned as a department of its British parent, Ltd. The majority stated that the claimed independence of Inc. was illusory and that despite form and appearance Inc. was a mere sales agent of Ltd. The sole dissenter expressed the view that on the facts the Special Term finding was justified, that is, that Inc., although a subsidiary of Ltd., maintained “ complete separateness and independence ’ ’ from and of Ltd. Among the cases cited by the Appellate Division majority is Rabinowitz v. Kaiser-Frazer Corp. (198 Misc. 707, affd. 278 App. Div. 584, affd. 302 N. Y. 892). Rabinowitz, we hold, is a controlling authority for affirmance here.
The Appellate Division’s majority opinion contains this accurate summary of the undisputed facts:
“ Rolls-Royce, Ltd., manufactures and sells motor caps and airplane engines. It also sells parts and gives service to,its customers. These products are sold practically world-wide, and customers can get. service at many places. Rolls-Royce, Ltd., owns all the. stock of Rolls-Royce of Canada, Ltd., a Canadian corporation and this .company owns all the stock of Rolls-Royce, Lie. The business of Rolls-Royce, Inc., is solely, in the sale of *101 products manufactured by Rolls-Royce, Ltd., and the servicing of the purchasers of these products. The three mentioned companies have some directors in common and key executive personnel in Rolls-Royce, Inc., were former executives of either the English or Canadian company and were assigned to their positions by the parent English company. There are frequent conferences among executives of the three companies at which the policies of Rolls-Royce, Inc., are determined. Rolls-Royce, Inc., employees who require technical training are given it by Rolls-Royce, Ltd., in England. All sales literature used by Rolls-Royce, Inc., is written and published by Rolls-Royce, Ltd.
‘ ‘ Rolls-Royce, Inc., gets its income in several ways. It owns no automobiles, and when a sale is made to a customer it buys a car from Rolls-Royce, Ltd., in England and imports it. The sale is at a fixed price which is lower than the price to the ultimate purchaser. Rolls-Royce, Ltd., gives a warranty directly to the purchaser which Rolls-Royce, Inc., delivers with the car. Rolls-Royce, Ltd., pays Rolls-Royce, Inc., a fixed annual fee for services rendered to customers in connection with these warranties. As to airplane engines, the compensation for service is paid by Rolls-Royce of Canada and this payment is measured by the price of the spare parts sold by Rolls-Royce, Inc.
‘ ‘ All of the net income of Rolls-Royce, Inc., goes to Rolls-Royce of Canada and appears in that company’s balance sheet. As affected by the other operations of the Canadian company it then appears in the balance sheet of Rolls-Royce, Ltd.”
To that statement we add a few other items of fact. Rolls-Royce’s manufacturing in England, plus the distribution, sales and servicing of its famous automobiles and aero engines throughout the World, is carried out by the English parent company and 16 subsidiaries, including those in Canada and the United States. These scattered subsidiary companies are all Avholly OAvned by the English corporation, all are set up like the English company in auto and aero divisions, all are controlled from England, all are in major part staffed from England and important, policies are arrived at in frequent conferences in England, Ncw York and else where attended by various officials of the various corporations. One of the active American administrators is Thomson who was here sensed with this summons. Inc. sells some aero engines but such *102 transactions are usually handled from England or Canada. Inc. does sell autos and does perform on aero engines the operations required by Rolls-Royce warranties. The latter services are paid for to Inc. by Ltd. and Canada, Ltd. Inc. sells in the United States about $6,000,000 worth a year of Rolls-Royce autos and auto parts. The principal personnel of Inc. or most of them are former Ltd. employees and key employees are exchanged both ways between New York and England and considered part of the Rolls-Royce employee “group”. All operations of Inc. are reported to Ltd. and Canada, Ltd., and all American business appears in the consolidated earnings statements and profit and loss statements of Ltd. Personnel of Inc. are trained by Ltd. in England. As against all this appellant Ltd. points to these facts only: that Thomson, who was actually served, was not an employee or officer of Ltd.; that Ltd. has no office, officer, bank account or telephone or directory listing in New York; that Ltd. and Inc. have entered into contracts whereby the latter gets a fixed percentage on its sales of cars and parts and is compensated for other services to Rolls-Royce customers.
Decision of this appeal does not require us to decide whether, under modern Federal and New York law, Ltd. treated as a corporation separate from Inc. has substantial enough contacts with our State to allow our State to subject Ltd. to a judgment in personam (see Simonson v. International Bank, 14 N Y 2d 281). Our question is more nearly a factual one: was Inc. a really independent entity or a mere department of Ltd.? If the latter, then obviously Ltd, was doing extensive business in our State through its local department separately incorporated as Inc. . The affirmative answer is compelled by our 1951 case of Rabinowitz v. Kaiser-Frazer Corp. (302 N.Y. 892, supra,) decided on facts remarkably similar to those before us in the present case.
Since the motion here made was no more or less than one to vacate service, we pass on no other question.
The order should be affirmed, with costs, and the certified question answered in the affirmative.
Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
Order affirmed, etc.