■ JOSEPH MORGAN, Appellant-Respondent, v GOOD HUMOR CORPORATION, Respondent, and LICON CONSTRUCTION CO., INC., Respondent-Appellant.—The respective attorneys for the parties on this appeal and cross appeal from an order of the Supreme Court, Nassau County, entered August 6, 1975, have agreed that the appeals be withdrawn, subject to restoration no later than December 31, 1975, upon motion, after a conference in this court before Mr. Justice Gittleson, and thereupon signed a stipulation to such effect. In accordance with the foregoing, the appeal is deemed withdrawn, without costs, subject to restoration no later than December 31, 1975, upon motion. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ LIANE S. NEWMAN, Respondent, v G. D. SEARLE AND Co. et al., Defendants, and SEARLE & Co., Appellant.—In an action to recover damages for personal injuries, defendant Searle and Co. appeals from an order of the Supreme Court, Nassau County, dated May 29, 1975, which denied its motion to dismiss the complaint on the ground of lack of personal jurisdiction. Order reversed, on the law, with $20 costs and disbursements, and motion granted. Plaintiff served the summons and complaint upon appellant pursuant to section 307 of the Business Corporation Law by personally serving the Secretary of State of the State of New York on April 8, 1974 and by mailing a copy to defendant G. D. Searle and Co. (not appellant) in Skokie, Illinois, on or about April 12, 1974. A year later, on April 9, 1975, appellant made its motion to dismiss for lack of jurisdiction. It appears from the record on this appeal that appellant was incorporated under the laws of Delaware and that Puerto Rico is the only place where it actually has an office and does business. Accordingly, the full requirements of section 307 (subd [b], par [2]) of the Business Corporation Law were not satisfied and the motion to dismiss should have been granted (see *Koepke v Bilnor Corp.*, 55 Misc 2d 928). Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.

■ SAMUEL ORENSTEIN, Appellant, v RALPH LEVINE, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 25, 1973, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No fact questions have been raised or considered. Plaintiff adduced sufficient proof at the trial to establish a prima facie case of negligence against defendant. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.