■ JOHN H. LOW, Respondent, v BAYERISCHE MOTOREN WERKE, AG., Appellant, et al., Defendants. — Order, Supreme Court, New York County (Kirschenbaum, J.) entered August 7, 1981, which, *inter alia,* denied a motion to dismiss the complaint brought by defendant-appellant Bayerische Motoren Werke, AG. (BMW-AG) pursuant to CPLR 3211 (subd [a], par 8), reversed, on the law, to the extent appealed from, the motion is granted, and the complaint is dismissed, without costs. The accident giving rise to this action occurred in West Germany while plaintiff was driving a BMW automobile he had purchased in New York for delivery to him in Munich under an arrangement called the European delivery plan. The car was delivered to plaintiff by the manufacturer BMW-AG, a corporation existing under the laws of the Federal Republic of Germany. BMW-AG is not qualified to do business in New York and has no office or telephone number here. The car was sold to plaintiff through a New York dealer, Martin Motor Sales, Inc. (Martin), by defendant BMW of North America (BMW-NA). BMW-NA, a Delaware corporation headquartered in Montvale, New Jersey, is a wholly owned subsidiary of BMW (US) Holding Corporation (BMW-US), a Delaware corporation which is a wholly owned subsidiary of BMW-AG. Plaintiff sued BMW-AG, BMW-NA and Martin on theories of negligence, breach of warranty and strict products

liability. The principal question presented on this appeal is whether plaintiff effected valid service on BMW-AG either pursuant to section 307 of the Business Corporation Law by serving the Secretary of State and mailing a copy of the summons and verified complaint by registered mail to BMW-AG in West Germany, or by serving an employee of BMW-NA as the agent designated by BMW-AG for service of process pursuant to title 15 (§ 1399, subd [e]) of the United States Code. Special Term found proper service by both of the aforesaid procedures and denied BMW-AG's motion to dismiss for lack of jurisdiction. (CPLR 3211, subd [a], par 8.) We disagree with these findings for reasons which follow. Jurisdiction was not properly obtained pursuant to section 307 of the Business Corporation Law, with its requirement for mailing to BMW-AG in the Federal Republic of Germany, because jurisdiction so obtained would be in violation of an international treaty — the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 US Treaties 361; 8 Martindale-Hubbell Law Directory [1982 ed], p 4617), also known as the "Hague Convention;" (*United States v Pink*, 315 US 203; *Rosman v Trans World Airlines*, 34 NY2d 385). This is a multilateral treaty permitting signatory nations to ratify subject to conditions or objections (art 21). Article 10 permits service of process by mail directly to the person abroad provided that the State of designation does not object in its ratification to such service. In its ratification the Federal Republic of Germany filed an objection to article 10 and declared that service under it shall not be effected (see Martindale-Hubbell, *op. cit.,* n 7a[4], p 4620). Since the mailing to BMW-AG in Munich was ineffective, jurisdiction was not thereby obtained under section 307 of the Business Corporation Law, (see *Hamilton v Volkswagenwerke, AG.*, No. 81-01-L, US Dist Ct, NH, June 10, 1981; *Kadota v Hosogai*, 125 Ariz 131). Nor was jurisdiction obtained by serving the agent designated by BMW-AG pursuant to title 15 (§ 1399, subd [e]) of the United States Code. Section 1399 grants the Federal District Courts jurisdiction, upon the petition of the United States Attorney or the Attorney General on behalf of the United States, to restrain the sale, delivery, or importation of automobiles violating Federal safety standards, and authorizes sanctions for the violation of any court order obtained under it. Its subdivision (e) requires all car manufacturers to designate an agent for the service of process. Plaintiff served an employee of BMW-NA as the designated agent of BMW-AG. Plaintiff relies upon a single case (*Bollard v Volkswagenwerke, AG.*, 313 F Supp 126) for authority to serve process in a private action against a manufacturer. The weight of authority, declining to follow *Bollard*, holds, and we believe properly so, that "the appointment of an agent under § 1399(e) is solely for the purposes of expediting enforcement of the [Motor Vehicle] Safety Act [of 1966] and is not a general agency appointment" (*Rubino v Celeste Motors*, 72-Civ 350, US Dist Ct, NDNY, Oct. 11, 1974; see, also, *Hamilton v Volkswagenwerke, AG., supra; Porsche AG. v Superior Ct. of California,* __ Cal App 3d __, 81 Daily J D.A.R. 2870 [Cal Ct of Appeals, 3d App Dist, Sept. 21, 1981]; *Fields v Playboy Club of Lake Geneva*, 75 Wis 2d 644). Plaintiff also argues that BMW-AG, by doing business within New York through its "agent" BMW-NA, had thereby effectively designated BMW-NA its agent for service of process. Service of process on a foreign corporation that is doing business itself or through an agent in this State without authorization may be effected, in addition to the methods specified in section 307 of the Business Corporation Law, by delivery to a "managing or general agent" or to "any other agent authorized by appointment or by law to receive service". (CPLR 311, subd 1; Business Corporation Law, § 307, subd [e].) The record does not support a finding that BMW-NA was

acting as a managing or general agent for BMW-AG (cf. *Berner v United Airlines*, 3 AD2d 9, 13, affd 3 NY2d 1003) or that BMW-NA was authorized by appointment or by law to receive service. There are cases holding that when a subsidiary corporation is so dominated by its parent corporation that it is acting as a "mere department" of the parent, the subsidiary represents the parent for purposes of service of summons. (*Taca Int. Airlines S.A. v Rolls-Royce of England*, 15 NY2d 97; *Geffen Motors v Chrysler Corp.*, 54 Misc 2d 403.) However, the record herein does not support a finding that BMW-NA was so completely controlled by BMW-AG that it was merely a department of BMW-AG. (See *Delagi v Volkswagenwerk AG. of Wolfsburg, Germany*, 29 NY2d 426, 432.) In light of our finding that service was not properly effected, it is unnecessary to determine whether, if service had been properly effected, jurisdiction would have been properly obtained over BMW-AG by virtue of its transacting or doing business in New York through the so-called European delivery plan, or otherwise. We observe merely that if service had been properly effected, the record would have been insufficient to permit a determination as to whether jurisdiction properly obtains with regard to BMW-AG under CPLR 301 or 302 (subd [a], par 1). Specifically, the record is unclear as to whether BMW-NA was acting in this transaction, under the European delivery plan, as an agent for its principal BMW-AG to sell the car to the plaintiff, or whether it was acting essentially for its own account. (Compare *Frummer v Hilton Hotels Int.*, 19 NY2d 533, cert den 389 US 923, with *Delagi v Volkswagenwerk AG. of Wolfsburg, Germany*, 29 NY2d 426, supra.) Concur — Sandler, J. P., Lupiano, Silverman and Lynch, JJ.

Ross, J. dissents in part in a memorandum as follows: I concur with the majority of this court that proper service was not obtained against the defendant Bayerische Motoren Werke, AG. (BMW-AG). I disagree with the further conclusion that if service had been properly effected, the record would have been insufficient to permit the determination as to whether jurisdiction was properly obtained with regard to BMW-AG. Defendant appellant, BMW-AG, is a multinational corporation, organized under the laws of Germany, which sells and distributes BMW automobiles worldwide. It sells these automobiles to importers in the United States, who are wholly owned subsidiaries of defendant-appellant. Here, plaintiff, an American citizen, purchased a BMW in this country from a franchised dealer, who is authorized to make said sale and who arranged for delivery of the automobile in Europe. In fact, upon delivery of the BMW in Germany, this was the first contact that plaintiff had with the German corporation. However, the memorandum delivered to the plaintiff customer in Germany listed the defendant, Bayerische Motoren Werke of North America, Inc. (BMW-NA) as the importer. Prior to delivery, all previous business dealings were conducted through a franchised dealer in the United States, who, in turn, placed the order through BMW-AG's wholly owned American subsidiary. It is clear to me that the defendants actively solicit this type of sale. In addition, it is my opinion that there are sufficient facts in the record to permit the inference that an agency relationship exists between the United States corporation and the parent German corporation.