opinion of the court
Stanley Harwood, J.
Motion by second third-party defendant for summary judgment grounded on lack of jurisdiction is respectfully referred to Special Term, Part II, for hearing and determination. Second third-party plaintiff’s cross motion for discovery of jurisdictional facts is granted to the extent indicated.
The main complaint of Patrick McHugh is based on negligence, breach of warranty, and strict products liability; defendant, International Components Corp. (I.C.C.), is charged with selling a defective capacitor to plaintiff’s employer, Todd Products Corporation. Plaintiff alleges he sustained injury to his eye on July 25,1979, while testing a *490 power supply board containing a capacitor which exploded. In the second third-party action, I.C.C. seeks indemnity and/or contribution from second third-party defendant, Marcon Electronics Co., Ltd. (Marcon Japan) claiming that the latter was negligent in designing, manufacturing and shipping the allegedly defective capacitor. I.C.C. also advances the theories of breach of warranty and strict products liability. Marcon Japan, in addition to denying that it manufactured the capacitor in question, raises in its answer as an affirmative defense lack of jurisdiction over its person. On this motion it contends that service was not properly effectuated upon it, and even if it were, this court is without power to exercise jurisdiction over it.
Marcon Japan is a Japanese corporation which has no offices, employees, real property or bank accounts in New York and is not licensed to do business here. I.C.C., a corporation based in Melville, New York, alleges without contradiction that I.C.C. has been selling Marcon Japan’s products in the United States since 1973. Copies of letters submitted by I.C.C. indicated that in 1977, these two parties entered into an arrangement whereby I.C.C. was to act as Marcon Japan’s representative in this country, although not on an exclusive basis. Other documentation indicates that in 1978, Marcon America Corp. (Marcon America), a wholly owned subsidiary of Marcon Japan, was incorporated in the State of Illinois for purposes of distributing the latter’s products. I.C.C. does not contend that Marcon America played a part in the design, manufacture or distribution of the capacitor ultimately sold to plaintiff’s employer and Marcon America has not been made a party to this action. It is not clear whether I.C.C. claims that Marcon America itself is subject to this court’s jurisdiction, but like Marcon Japan, Marcon America has no offices, employees, real property or bank accounts in New York, and it is not licensed to do business here. I.C.C. does assert, however, that Marcon America is a “mere instrumentality” of Marcon Japan (see Taca Int. Airlines v Rolls-Royce of England, 15 NY2d 97) and served process in Illinois in November, 1981 on Mr. Thomas Masuda, an officer of Marcon America and its registered agent for process in that State. I.C.C. asserts that this court can exercise juris *491 diction over Marcon Japan pursuant to CPLR 302 (subd [a], pars 1, 3) and that jurisdiction was properly invoked by service in Illinois on its “alter ego”, Marcon America.
While recognizing that service on a wholly owned subsidiary which is but a “mere instrumentality” of the parent is valid service on the parent (Taca Int. Airlines v Rolls-Royce of England, supra; see, also, ABKCO Inds. v Lennon, 52 AD2d 435), Marcon Japan asserts through a very brief affidavit of Marcon America’s president, that the subsidiary “operates separately and independently from [Marcon Japan]” and that therefore there has been no personal service as required by CPLR 311 (subd 1). It also asserts that, as a matter of law, service was defective because it interprets the rule permitting service on a parent corporation by serving a “mere department” subsidiary as applying only where the subsidiary is present in New York. Finally, Marcon Japan claims that there has been no compliance with the “Hague Convention” (the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 US Treaties 361) ratified by both the United States and Japan.
Assuming for the moment that for jurisdictional purposes, Marcon Japan and Marcon America are the same entity (see Bulova Watch Co. v Hattori & Co., 508 F Supp 1322), Marcon Japan’s reliance on the “Hague Convention” is misplaced. The purpose of that treaty, as is clearly set forth in its title and declarations, is for assuring sufficient notice when service is made in a foreign country. (Hague Convention, 20 US Treaties 361; see De James v Magnificence Carriers, 654 F2d 280, 288; Kadota v Hosogai, 125 Ariz 131; cf. Low v Bayerische Motoren Werke, AG., 88 AD2d 504.) Here, service was made within the United States, albeit outside of New York. Proceeding on the same momentary assumption, and also temporarily assuming that Marcon Japan is subject to the jurisdiction of this court under CPLR 302, it “may be served with the summons without the state, in the same manner as service is made within the state” (CPLR 313; cf. Public Administrator of County of N. Y. v Royal Bank of Canada, 19 NY2d 127). While it is true that the cases cited by both sides and the cases the court could discover through its own research *492 deal with subsidiaries either domiciled in New York or otherwise present here, this court is aware of no case which holds that service on a parent corporation which is subject to this court’s jurisdiction under CPLR 302 by personal delivery to its “mere department” subsidiary without the State is defective solely because the subsidiary against whom no separate claim is made is not, independently of its parent, subject to this court’s jurisdiction. If Marcon Japan and Marcon America are so closely related that service on one is service on the other (see Taca Int. Airlines v Rolls-Royce of England, supra), CPLR 313 compels the conclusion that service was proper. (See, also, Public Administrator of County of N. Y. v Royal Bank of Canada, supra, at p 131.)
Factual issues are presented however as to whether Marcon Japan and Marcon America “are one” for purposes of service of process, and if so, whether Marcon Japan is subject to this court’s jurisdiction under CPLR 302 (subd [a], pars 1, 3). While it is true as Marcon Japan contends, the burden of establishing jurisdiction here is on I.C.C. (see Lamarr v Klein, 35 AD2d 248, affd 30 NY2d 757) it is nonetheless entitled to disclosure of jurisdictional facts within Marcon Japan’s control before being required to sustain that burden at an evidentiary hearing. (Cf. Peterson v Spartan Inds., 33 NY2d 463.) Moreover, the documentation submitted by I.C.C. touching the issues of Mar-con Japan’s contacts with New York and its relationship with Marcon America, coupled with movant’s terse denials makes clear that I.C.C.’s jurisdictional claims are not merely frivolous (cf. Peterson v Spartan Inds., supra). Although I.C.C. makes a general request that the court compel depositions of Marcon America’s president Mr. Sudo and a representative of Marcon Japan, no details, such as where these depositions are to take place, are given; nor is it clear that Mr. Sudo is subject to subpoena (see CPLR 3106, subd [b]). I.C.C. would be better advised to proceed by notice against Marcon Japan, and the parties are encouraged to stipulate to discovery wherever possible to expedite matters. I.C.C. shall have a reasonable time to conduct discovery of jurisdictional facts, but in any event *493 no more than 60 days unless that time is extended by the court.
Upon service and filing of a note of issue the clerk of Special Term, Part II, is directed to place this matter on the calendar at the earliest possible date, subject to further order of the Justice presiding. I.C.C. shall serve a copy of this order and the notice of hearing date on all parties at least 10 days before the date of the hearing.