PETER F. LUCIANO et al., Respondents, v GARVEY VOLKS-WAGEN, INC., et al., Defendants, and VOLKSWAGENWERK AKTIEN-GESELLSCHAFT, Appellant.

Third Department, October 29, 1987

APPEARANCES OF COUNSEL

*Maynard, O'Connor & Smith (Herzfeld & Rubin, P. C. [David Hamm], of counsel), for appellant.*

*Bartlett, Pontiff, Stewart, Rhodes & Judge, P. C. (John W. Caffry of counsel), for respondents.*

## OPINION OF THE COURT

KANE, J.

This action arises from plaintiffs' lease of an allegedly defective automobile from defendant Garvey Volkswagen, Inc., an authorized Volkswagen dealership, in December 1983. Plaintiffs brought suit in August 1985, also naming as defendants the distributor, World-Wide Volkswagen Corporation, Inc., the importer, Volkswagen of America, Inc. (hereinafter VoA), and the manufacturer of the automobile, Volkswagen Aktien-Gesellschaft (hereinafter VWAG). In a prior appeal, this court granted World-Wide Volkswagen Corporation's motion for summary judgment dismissing the complaint against it *(see, Luciano v World-Wide Volkswagen Corp., 127 AD2d 1).* At issue herein is the validity of service upon VWAG, a West German corporation.

Invoking Business Corporation Law § 307, plaintiffs sought to serve both VoA and VWAG by delivering copies of the summons and complaint to the Secretary of State and mailing copies of the same to VoA's address for service of process. The copy addressed to VWAG was refused and returned.

After the time to answer had expired without an appearance on VWAG's behalf, plaintiffs moved for a default judgment against VWAG on the issue of liability. VWAG, through VoA's counsel, cross-moved for dismissal of the complaint under CPLR 3211 (a) (8), alleging that plaintiffs' attempted service of process upon it was legally defective. Supreme Court found that plaintiffs' service upon VoA as an agent of VWAG properly accomplished service upon VWAG. The court refused to grant plaintiffs a default judgment, however, instead permitting VWAG the opportunity to appear and answer the complaint within 30 days. VWAG now appeals from Supreme Court's denial of its cross motion.

Initially, VWAG contends that service was invalid because

service of any judicial documents upon a foreign national must be in accord with the Hague Service Convention (hereinafter the Convention; 20 UST 361, TIAS No. 6638 *[see,* 8 Martindale-Hubbell Law Directory part VII (1987 ed)]). Since service here did not comply with the Convention and VWAG is a West German corporation, it contends that service was invalid.

This argument is without merit for if a foreign national is present in the United States, domestic service is possible *(see,* Siegel, 1985 Supplementary Practice Commentary, Fed Rules Civ Pro rule 4, 28 USCA C4-34 [1987 Supp Pamph], at 88-89). The Convention indisputably provides the mandatory methods of service once service abroad is necessary or appropriate. Accordingly, an attempt to serve documents abroad must comply with the Convention *(Low v Bayerische Motoren Werke, AG.,* 88 AD2d 504). Plaintiffs, however, did not attempt to serve documents abroad. The Convention simply does not require that all citizens of the signatory nation be served according to its methods, as it does not state when service abroad is required but only how it is to be effectuated. Since the Convention does not purport to regulate the jurisdiction of the courts of the contracting States and such a purpose should not be read into an international treaty *(see, Societe Nationale Industrielle Aerospatiale v United States Dist. Ct.,* 482 US —, —, nn 15, 23, 96 L Ed 461, 478-479, nn 15, 23),* we reject VWAG's contention that domestic service upon a foreign national has been rendered invalid by the Convention.

Accordingly, the issue distills to a question of whether VoA was so dominated by its parent corporation VWAG, that it can be considered to be representing the parent for purposes of service of summons *(see, Low v Bayerische Motoren Werke, AG.,* 88 AD2d 504, 506, *supra; McHugh v International Components Corp.,* 118 Misc 2d 489). In this regard, the record and the prior decision of this court in *Luciano v World-Wide Volkswagen Corp. (supra)* supports the conclusion that VoA is so dominated by its parent that VoA represents VWAG for purposes of service *(see, Lamb v Volkswagenwerk AG.,* 104 FRD 95). As we noted in *Luciano,* plaintiffs acquired the subject vehicle during the duration of the express warranty and that VoA was the express warrantor on behalf of the

_____

* VWAG advises that this issue is being presented to the United States Supreme Court in its appeal in *Schlunk v Volkswagenwerk AG.* (145 Ill App 3d 594, 503 NE2d 1045, *cert granted* — US — [Oct. 13, 1987]).

manufacturer, VWAG *(Luciano v World-Wide Volkswagen Corp., supra,* at 4). This assumption of liability by VoA, admittedly a wholly owned subsidiary of VWAG is, in our view, sufficient to sustain service in this action pursuant to Business Corporation Law § 307 and the order should be affirmed.

MAHONEY, P. J., WEISS, MIKOLL and HARVEY, JJ., concur.

Order affirmed, with costs.