■ JOSEPH P. DERSO, Individually and as Executor of CARO-LYN DERSO, Deceased, Respondent, v VOLKSWAGEN OF AMER-ICA, INC., et al., Appellants, et al., Defendants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Carolyn Derso died from injuries sustained on November 25, 1983, when the vehicle operated by defendant Hughes allegedly crossed the center line of the highway and struck head on the Volkswagen Rabbit being operated by Derso. In the subject action, plaintiff seeks damages from Volkswagen of America, Inc. (VWOA) and Volkswagenwerk, AG. (VWAG) upon the ground that the Volkswagen Rabbit operated by Derso was negligently designed and manufactured. Plaintiff moved to dismiss the affirmative defenses of lack of personal jurisdiction, failure to state a cause of action and Statute of Limitations raised by VWOA and VWAG in their separate answers. VWOA and VWAG cross-moved for summary judgment dismissing the complaint. Those defendants now appeal from an order which denied their cross motion for summary judgment upon the grounds of lack of personal jurisdiction and Statute of Limitations and which granted plaintiff's motion to dismiss those defenses.

Although VWOA appealed from the order, VWOA has conceded that it was personally served on November 20, 1985, and has not raised any claim of error in its brief or on oral argument. Accordingly, we affirm the order as to defendant VWOA.

VWOA, a New Jersey corporation, is the wholly owned subsidiary of VWAG, a West German corporation. Supreme Court found that VWOA was an agent of VWAG for purposes of service of process (see, CPLR 311 [1]) and that service of a copy of the summons and complaint upon VWOA on November 20, 1985 constituted personal service upon VWAG. We disagree.

A subsidiary is an agent for the purpose of serving a summons only when it "is so dominated by its parent corporation that it is acting as a 'mere department' of the parent" (Low v Bayerische Motoren Werke, 88 AD2d 504, 506; see also, Taca Intl. Airlines v Rolls-Royce of England, 15 NY2d 97). Although several courts have concluded that VWOA was an agent of VWAG for the purpose of service of a summons, those findings were based upon detailed evidence of the financial and managerial control exercised by VWAG pursuant to its importer agreement with VWOA (see, Schlunk v Volkswagenwerk AG., 145 Ill App 3d 594, 503 NE2d 1045, lv denied 112

Ill 2d 595, *affd* 486 US 694; *Lamb v Volkswagenwerk AG.,* 104 FRD 95; *Ex parte Volkswagenwerk AG.,* 443 So 2d 880 [Ala]; *Roorda v Volkswagenwerk A.G.,* 481 F Supp 868). In the subject case, the Volkswagen Rabbit was not imported; it was manufactured by VWOA at its plant in Pennsylvania. Plaintiff did not submit the importer agreement as evidence of control; indeed, plaintiff presented no evidence to controvert the affidavit of Robert Cameron showing that VWAG did not exercise that degree of control to make VWOA a "mere department" of VWAG. Plaintiff had the burden of establishing the fact of jurisdiction *(see, Cato Show Print. Co. v Lee,* 84 AD2d 947, *appeal dismissed* 56 NY2d 593; *Connell v Hayden,* 83 AD2d 30, 34) and failed to meet that burden in this case *(see, Richardson v Volkswagenwerk, A.G.,* 552 F Supp 73; *Jones v Volkswagen of Am.,* 82 FRD 334). Mere reliance upon the parent-subsidiary relationship is not enough *(Volkswagenwerk AG. v McCurdy,* 340 So 2d 544 [Fla App], *cert denied* 348 So 2d 950 [Fla]). *Luciano v Garvey Volkswagen* (131 AD2d 253) does not compel a different conclusion. In that case, plaintiff sued VWAG for breach of an express warranty made by VWOA on behalf of VWAG. The Third Department held that "[t]his assumption of liability by VoA, admittedly a wholly owned subsidiary of VWAG is, in our view, sufficient to sustain service in this action" *(Luciano v Garvey Volkswagen, supra,* at 256). There is no evidence that such an assumption of liability by express warranty exists in this case.

We reject plaintiff's contention that jurisdiction was acquired over VWAG by personal delivery of the summons to the Secretary of State and a mailing of the summons and complaint to VWAG in West Germany during November 1985 *(see,* Business Corporation Law § 307). The mailing was rejected by VWAG, and the attempt to serve by mail did not comply with the procedural requirements of the Hague Service Convention *(see, Volkswagenwerk AG. v Schlunk,* 486 US 694, *supra; Low v Bayerische Motoren Werke,* 88 AD2d 504, 505, *supra).*

VWAG does not dispute that it was served pursuant to the Hague Service Convention in 1987. It contends, however, that such service was not made within two years from accrual of the claim *(see,* EPTL 5-4.1). Plaintiff urges that personal service upon VWOA tolled the Statute of Limitations because VWOA and VWAG were "united in interest" (CPLR 203 [b] [1]). Supreme Court erred in finding that VWOA and VWAG were united in interest based upon a "unity of claim together with the jural relationship". The relationship of parent and

subsidiary is not a sufficient basis for a finding of unity of interest *(see, Capital Dimensions v Oberman Co.,* 104 AD2d 432; *Ginas v Loew's Inc.,* 190 Misc 884).* VWOA and VWAG are separate entities, and a judgment against one would not necessarily bind the other *(see, Prudential Ins. Co. v Stone,* 270 NY 154, 159). In actions to recover for negligence, "the defenses available to two defendants will be identical, and thus their interest will be united, only where one is vicariously liable for the acts of the other" *(Raschel v Rish,* 120 AD2d 945, *affd* 69 NY2d 694; *see also, Connell v Hayden,* 83 AD2d 30, 45, *supra).* There is no demonstration in this case that VWAG is vicariously liable for VWOA's alleged negligent manufacture of the subject car so that a finding of liability against VWOA would necessarily require the imposition of liability upon VWAG.

Accordingly, we modify the order to grant defendant VWAG's cross motion for summary judgment dismissing the complaint against it upon Statute of Limitations grounds. (Appeal from order of Supreme Court, Oneida County, Shaheen, J.—dismiss affirmative defenses.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.