■ ROBERT M. BRANDT, JR., Respondent, v VOLKSWAGEN AG., Formerly VOLKSWAGENWERK AKTIENGESELLSCHAFT, Appellant.—Order unanimously reversed on the law without

costs, plaintiff's cross motion denied, and defendant's motion granted. Memorandum: Defendant appeals from an order that denied its motion to dismiss plaintiff's complaint for lack of proper and timely service, and granted plaintiff's cross motion to dismiss defendant's affirmative defenses alleging lack of personal jurisdiction and the Statute of Limitations. Defendant contends, *inter alia,* that service of process upon its New Jersey subsidiary, Volkswagen of America, Inc. (VWOA), was insufficient to confer personal jurisdiction over defendant, a German corporation. We agree.

The issue is whether VWOA is defendant's involuntary agent for service so that service of the subsidiary constituted service upon the parent corporation. It is well settled in New York that, in order for a subsidiary to be deemed the parent's involuntary agent for service, the subsidiary must be so dominated by its parent that it acts as its "mere department" or "mere instrumentality" *(Derso v Volkswagen of Am.,* 159 AD2d 937; *Luciano v Garvey Volkswagen,* 131 AD2d 253, 255; *Low v Bayerische Motoren Werke,* 88 AD2d 504, 505-506; *ABKCO Indus. v Lennon,* 52 AD2d 435, 440; *McHugh v International Components Corp.,* 118 Misc 2d 489, 490; *Volkswagenwerk AG. v Beech Aircraft Corp.,* 751 F2d 117; *Weinstein v Volkswagen of Am.,* ED NY, Mar. 31, 1989 [Lexis No. 3809]; *cf., Delagi v Volkswagenwerk AG,* 29 NY2d 426; *Taca Intl. Airlines v Rolls-Royce of England,* 15 NY2d 97). There must be such complete control by the parent over the subsidiary that it negates the conclusion that the subsidiary is operated as a separate and independent entity *(compare, Delagi v Volkswagenwerk AG, supra, and Low v Bayerische Motoren Werke, supra, with Frummer v Hilton Hotels Intl.,* 19 NY2d 533, *cert denied* 389 US 923, *and Taca Intl. Airlines v Rolls-Royce of England, supra).* As we recently held in a nearly identical case *(see, Derso v Volkswagen of Am., supra),* VWOA is not defendant's agent for service. Because service on VWOA was ineffective to confer jurisdiction over defendant, the affirmative defense of lack of personal jurisdiction must be reinstated and the complaint must be dismissed.

In light of our disposition, it is unnecessary to consider defendant's alternative contention that the action was not timely commenced. (Appeal from order of Supreme Court, Onondaga County, Miller, J.—summary judgment.) Present— Dillon, P. J., Callahan, Denman, Balio and Davis, JJ.