GECA STEWART et al., Respondents, v VOLKSWAGEN OF AMER-
ICA, INC., et al., Defendants, and VOLKSWAGEN WERK
AKTIEN-GESELLSCHAFT, Appellant.

Second Department, June 15, 1992

### APPEARANCES OF COUNSEL

*Herzfeld & Rubin, P. C. (Herbert Rubin, David B. Hamm* and *Linda M. Brown* of counsel), for appellant.

*Montfort, Healy, McGuire & Salley (E. Richard Rimmels, Jr.,* of counsel), for respondents.

### OPINION OF THE COURT

Per Curiam.

The defendant Volkswagen Werk Aktien-Gesellschaft (hereinafter VWAG), is a German corporation, not authorized to do business in New York. Thus, the plaintiffs, in attempting to serve VWAG with process in this action, utilized the procedure set forth in Business Corporation Law § 307 for service of process on a foreign corporation unauthorized to do business in this State.

Business Corporation Law § 307 (b) (2) provides that service of process upon a foreign corporation not authorized to do business in this State may be made by personal service upon the Secretary of State with notice thereof and a copy of the process sent to "the last address of such foreign corporation known to the plaintiff".

The plaintiffs personally served the Secretary of State in Albany, and then mailed a copy of the summons and complaint, by registered mail, to Volkswagen of America (hereinafter VOA), a wholly owned subsidiary of VWAG, which was located in Englewood Cliffs, New Jersey. Process was sent to VOA "on behalf of" VWAG.

Pursuant to CPLR 3211 (a) (8), VWAG moved to dismiss the complaint insofar as it is asserted against it, arguing that service upon it did not comply with Business Corporation Law § 307 because the summons and complaint were mailed to VOA, in New Jersey, and VWAG never designated VOA as its agent for service of process.

The plaintiffs opposed the motion, asserting that service was

proper because, although VWAG did not formally appoint VOA as its agent for service of process, VOA is a "mere department" of VWAG and, therefore, is a proper involuntary agent for service of process.

The Supreme Court agreed with the plaintiffs, finding that other courts have found VOA to be a proper agent to accept service for VWAG, and that VWAG would not be permitted to relitigate that issue. VWAG now argues that Business Corporation Law § 307 must be strictly complied with, and because that statute does not allow for service upon an involuntary agent, service here was improper. We disagree.

It is true, as VWAG asserts, that Business Corporation Law § 307 must be strictly complied with (see, *Flick v Stewart-Warner Corp.*, 76 NY2d 50, 57 ["strict compliance with the procedures of Business Corporation Law § 307 is required to effect service on an unauthorized foreign corporation"]). Thus, in *Flick*, the court invalidated service where the plaintiff had failed to comply with the requirement of Business Corporation Law § 307 that he send a copy of the process to the foreign corporation by registered mail, return receipt requested, and that he file an affidavit of compliance with such service. Although our dissenting colleague finds that here, as in *Flick*, the plaintiffs failed to comply with the filing requirements set forth in Business Corporation Law § 307 (c) (2), that issue is not raised by VWAG, and we decline to address it. In *Flick*, however, unlike the case at bar, there was no involuntary agent involved, and the court, therefore, did not address, let alone specifically preclude, the use of service pursuant to Business Corporation Law § 307 upon an involuntary agent. Nor do we now see reason to preclude the use of Business Corporation Law § 307 in this instance, or to relegate the plaintiffs to the Hague Convention, as VWAG now contends.

The long-standing law in New York regarding service of process upon foreign corporations is that where service is not made upon the foreign corporation, but is properly made upon a local corporation that is so controlled by the foreign corporation that the local corporation can be deemed a mere department of the foreign corporation, the local corporation is considered to be the foreign corporation's involuntary agent for purposes of service (see, *Taca Intl. Airlines v Rolls-Royce of England*, 15 NY2d 97; *Rabinowitz v Kaiser-Frazer Corp.*, 198 Misc 707, *affd* 278 App Div 584, *affd* 302 NY 892; *Geffen Motors v Chrysler Corp.*, 54 Misc 2d 403). Here, service upon VWAG comported with the requirements of Business Corpora-

tion Law § 307 (b) (2), because the Secretary of State was personally served and a notice thereof and copy of the process was sent to VOA. Thus, if VOA is a mere department of VWAG, VWAG was properly served under Business Corporation Law § 307. This was precisely the holding of the Appellate Division, Third Department, in *Luciano v Garvey Volkswagen* (131 AD2d 253).

It has been held on prior occasions by several different courts that VOA is a mere department of VWAG and that, therefore, service upon VOA constitutes valid service upon VWAG *(see, Schlunk v Volkswagenwerk AG.,* 145 Ill App 3d 594, 503 NE2d 1045, *affd on·other grounds* 486 US 694; *Lamb v Volkswagenwerk AG.,* 104 FRD 95; *Roorda v Volkswagenwerk, A.G.,* 481 F Supp 868; *Ex parte Volkswagenwerk AG.,* 443 So 2d 880 [Ala]). In each of those cases, VWAG had a full and fair opportunity to litigate the issue of whether VOA was a mere department of VWAG. We note that in the instant action VWAG has consistently failed to address any *facts* relating to the question of involuntary agency, steadfastly maintaining only that that doctrine is not appropriate where service is made pursuant to Business Corporation Law § 307. Accordingly, the determinations in those cases are binding and conclusive on VWAG in this action *(see, Koch v Consolidated Edison Co.,* 62 NY2d 548, *cert denied* 469 US 1210).

Furthermore, the rule in New York is that the trial courts must follow an Appellate Division precedent set in any department in the State until its own Appellate Division decides otherwise *(see, Mountain View Coach Lines v Storms,* 102 AD2d 663). When the plaintiffs here served the defendant VWAG, they followed a method approved by the Appellate Division, Third Department, in a case involving this very defendant *(see, Luciano v Garvey Volkswagen, supra).* The plaintiffs here had a right to rely on *Luciano* and the Supreme Court had an obligation to follow it. *Luciano* was in effect the law of the State at the time of service herein. Under the circumstances of this case, it would be inappropriate for us not to follow the holding in *Luciano* which, while not binding on us, is nonetheless persuasive *(see, Mountain View Coach Lines v Storms, supra,* at 665). To the extent that it is noted in the dissent that the Appellate Division, Fourth Department, has resolved this issue in the appellant's favor *(see, Brandt v Volkswagen AG.,* 161 AD2d 1149; *Derso v Volkswagen of Am.,* 159 AD2d 937), we point out that those cases were not decided until after the Supreme Court upheld

the service here. Moreover, in each of those cases, unlike the case at bar, VWAG raised a factual question, and presented evidence, as to whether VOA was a mere department of VWAG. Accordingly, we find that for purposes of service in this case, VOA is a mere department of VWAG, and that VWAG was properly served in this action.

Because service upon VOA, VWAG's involuntary agent, was proper under Business Corporation Law § 307, the service provision of the Hague Convention does not apply to this case *(see, Volkswagenwerk AG. v Schlunk,* 486 US 694, *supra).*

HARWOOD, J. P. (dissenting). As the majority notes, although other methods of service were available to them, in commencing this action grounded in negligence, strict products liability, and breach of warranty, the plaintiffs relied on Business Corporation Law § 307, which in pertinent part designates the Secretary of State as an imputed agent for service on a foreign corporation unauthorized to do business in New York (Business Corporation Law § 307 [a]; *see, Flick v Stewart-Warner Corp.,* 76 NY2d 50, 56). Jurisdiction may thus be acquired over a foreign corporation unauthorized to do business New York, such as the appellant, by personal delivery of process and payment of a statutory fee to the Secretary of State at the office of the Department of State followed by specified steps "calculated to assure that the foreign corporation, in fact, receives a copy of the process" *(Flick v Stewart-Warner Corp., supra,* at 56), i.e., by delivery of process personally to the foreign corporation outside the State or by sending process to the foreign corporation "by registered mail with return receipt requested, at the post office address specified for the purpose of mailing process, on file in the department of state, or with any official or body performing the equivalent function * * * or if no such address is there specified * * * to the last address of such foreign corporation known to the plaintiff" (Business Corporation Law § 307 [b] [2]).

Where mailing to the foreign corporation is used "proof of service shall be by affidavit of compliance with this section filed, together with the process, within thirty days after receipt of the return receipt signed by the foreign corporation * * * If a copy of the process is mailed in accordance with this section, there shall be filed with the affidavit of compliance * * * the return receipt * * * Service of process shall be complete ten days after such papers are filed with the clerk of the court" (Business Corporation Law § 307 [c] [2]).

The plaintiffs here purportedly followed the steps set forth in Business Corporation Law § 307 in that someone acting on the plaintiffs' behalf personally served a copy of the summons and complaint on the Secretary of State, and an affidavit to that effect is included in the record. Several days thereafter, someone acting on the plaintiffs' behalf sent, by registered mail, return receipt requested, the summons, the complaint, and a notice that service of process was made on VWAG by delivery at the Department of State. An affidavit attesting to the mailing, as well as a copy of the return receipt, are also included in the record. Furthermore, the plaintiffs' attorney asserted in opposition to the appellant's motion to dismiss pursuant to CPLR 3211 (a) (8) that "proof of service" was filed with the "Clerk of the Court of Nassau County", evidently on the thirtieth day after the plaintiffs' attorney received the return receipt. However, although the plaintiffs specified on their summons, and were thus well aware that the appellant is domiciled and has a particular address in Germany, the required mailing was sent to an address in Englewood, New Jersey, "on behalf of" VWAG, which address was that of the defendant Volkswagen of America, Inc. (hereinafter VOA), a New Jersey corporation which, like the appellant, is subject to the "long arm" jurisdiction of our courts. Additionally, no affidavit of compliance is included in the record and it appears that the "proof of service" which the plaintiffs assert but do not prove was filed with the "Clerk of the Court of Nassau County" consisted only of the two affidavits of service.

The plaintiffs urge here, as they did before Supreme Court, that VOA is a wholly owned subsidiary and the jurisdictional "alter ego" of the appellant, and that, therefore, service was properly effectuated on the appellant by serving VOA *(see, Taca Intl. Airlines v Rolls-Royce of England,* 15 NY2d 97). The appellant disputed VOA's status as a mere instrumentality of it. However, it also claimed, as it does on appeal, that the relationship between it and VOA is, for jurisdictional purposes, irrelevant, because service was not effectuated in compliance with Business Corporation Law § 307. Ruling that the issue of whether VOA was the appellant's agent for jurisdictional purposes had already been litigated and resolved against the appellant *(see, Luciano v Garvey Volkswagen,* 131 AD2d 253, 255; *but see, Brandt v Volkswagen AG.,* 161 AD2d 1149; *Derso v Volkswagen of Am.,* 159 AD2d 937; *see also, Volkswagenwerk AG. v Schlunk,* 486 US 694), the Supreme Court upheld service and denied the motion.

I note my disagreement with the majority's conclusion that the plaintiffs are relieved by collateral estoppel principles of the burden of demonstrating by an appropriate factual showing that the appellant so controls VOA that the latter is for jurisdictional purposes its alter ego. Although some courts have, based on the facts before them and in accordance with then applicable law, resolved the issue against the appellant *(see, Schlunk v Volkswagenwerk AG.,* 145 Ill App 3d 594, 503 NE2d 1045, *affd on other grounds* 486 US 694; *see also, Luciano v Garvey Volkswagen, supra,* at 255), courts in this State have also resolved the issue in VWAG's favor *(see, e.g., Brandt v Volkswagen AG.,* 161 AD2d 1149, *supra; Derso v Volkswagen of Am., supra).* It is my view that, given these conflicting rulings based on differing factual premises, collat-·eral estoppel, a factual doctrine premised on principles of fairness *(see, Kelly v Malone Frgt. Lines,* 139 AD2d 566; *Samhammer v Home Mut. Ins. Co.,* 120 AD2d 59, 60) cannot be used here to create a shortcut for the plaintiffs. In any event, while I disagree with this conclusion, I also regard it as irrelevant.

It is true, as the majority notes, that service on a parent corporation can be effectuated, and jurisdiction over the parent acquired, by service in accordance with a statutorily prescribed method on a wholly owned subsidiary *(see, Taca Intl. Airlines v Rolls-Royce of England, supra; see also, ABKCO Indus. v Lennon,* 52 AD2d 435) so long as the two entities are so closely associated that the subsidiary can be considered a mere department of the parent. Moreover, if certain other jurisdictional facts exist, neither the parent nor the subsidiary need be "present" in New York in order for service on a mere instrumentality to be jurisdictionally effective as to the parent *(see,* CPLR 313; *see also, McHugh v International Components Corp.,* 118 Misc 2d 489). The majority ignores, however, that service here was not made directly upon the subsidiary but rather on the Secretary of State. Since, unlike corporations which are authorized to do business in New York, the Secretary of State is only the imputed or constructive agent of the foreign corporation unauthorized to do business in New York, "strict compliance with the procedures of Business Corporation Law § 307 is required" *(Flick v Stewart-Warner Corp., supra,* at 57). Such omissions as mailing by certified mail rather than registered mail and failing to file an affidavit of compliance have been ruled jurisdictionally fatal where service is made pursuant to Business Corporation

Law § 307 *(Flick v Stewart-Warner Corp., supra; see also, Nelson v Abbott Labs.,* NYLJ, Nov. 12, 1991, at 36, col 1 [Sup Ct, Nassau County, Wager, J.]). It is my view that similarly fatal flaws exist here.

There is virtually no evidence that the plaintiffs complied with the filing requirements set forth in Business Corporation Law § 307 (c) (2) *(see, Nelson v Abbott Labs., supra; cf., Flick v Stewart-Warner Corp., supra).* More significantly, it is clear that the address to which the plaintiffs sent the requisite mailing constituted neither an address specified by the appellant for service of process nor the "last address of such foreign corporation known to the plaintiff" *(see,* Business Corporation Law § 307 [b] [2]). Apart from the filing defects which it does not address, the majority here in effect equates service on a corporation pursuant to CPLR 311 (1) *(cf., McHugh v International Components Corp., supra)* with the service specially authorized by Business Corporation Law § 307. I disagree and conclude that where a plaintiff purports to rely on Business Corporation Law § 307 and elects to "assure that the foreign corporation, in fact, receives a copy of the process" *(see, Flick v Stewart-Warner Corp., supra,* at 56) by mailing the process documents, it may not do so in care of the address of a subsidiary corporation, even one which is a "mere instrumentality" of or otherwise serves as the jurisdictional alter ego of the foreign corporation *(cf., Flick v Stewart-Warner Corp., supra; see, Newman v Searle & Co.,* 50 AD2d 574). To the extent that the decision of the Appellate Division, Third Department, in *Luciano v Garvey Volkswagen (supra),* decided before the Court of Appeals decision in *Flick v Stewart-Warner Corp. (supra)* is to the contrary, I would decline to follow it. Since I conclude that service here was not properly effectuated in accordance with the steps prescribed by Business Corporation Law § 307, it is my view that the appellant's motion to dismiss pursuant to CPLR 3211 (a) (8) should have been granted.

Accordingly, I vote to reverse the order appealed from, on the law, and to grant the appellant's motion to dismiss the complaint insofar as it is asserted against it for failure to properly effectuate service upon it.

ROSENBLATT, LAWRENCE and O'BRIEN, JJ., concur in a Per Curiam opinion; HARWOOD, J. P., dissents in a separate opinion.

Ordered that the order is affirmed, with costs.