OPINION OF THE COURT
 

 Bellacosa, J.
 

 Appellant-defendant Volkswagen A.G. (VWAG) appeals by leave of the Appellate Division from an order of that Court which affirmed Supreme Court’s denial of its motion to dismiss the action. VWAG claimed respondents-plaintiffs failed to acquire personal jurisdiction over it in accordance with Business Corporation Law § 307 (b) (2). We conclude that plaintiffs have not satisfied the statute’s strictly specified service of process prescriptions necessary to acquire jurisdiction over a foreign corporation not authorized to do business in New York. We therefore reverse, answer the certified question in the negative, and grant the motion to dismiss the action.
 

 Plaintiffs sued for damages for personal injuries arising out of automobile accidents, allegedly caused by the "unintended acceleration” of Audi 5000 vehicles manufactured by VWAG, a German corporation. The vehicles were exported to the United States, title was transferred to Volkswagen of America, Inc. (VGA), and they were then sold to World Wide Volkswagen Corp., which distributed them to Audi dealers, who sold them to consumers.
 

 Plaintiffs sought to secure jurisdiction over VWAG by serving the summons and complaint on the New York Secretary of State pursuant to Business Corporation Law § 307. That jurisdiction/service of process section allows for service on the Secretary of State as the "agent” of a foreign corporation not authorized to do business in New York. The statute is precise as to the sequence of service and notice actions necessary to initiate and complete acquisition of jurisdiction. A party must first
 
 serve
 
 the Secretary of State, and then either
 
 deliver
 
 personally a copy of the process to the foreign corporation or
 
 send
 
 a copy of the process to:
 

 
 *206
 
 • "such foreign corporation by registered mail with return receipt requested, at the post office address specified for the purpose of mailing process, on file in the department of state, or with any official or body performing the equivalent function, in the jurisdiction of its incorporation,”
 

 "or if no such address is there specified,
 
 to its registered or other office there specified,”
 

 •
 
 "or if no such office is there specified,
 
 to the last address of such foreign corporation known to the plaintiff.” (Business Corporation Law § 307 [b] [2] [emphasis added].)
 

 In this case, plaintiffs served the Secretary of State but did not deliver a copy personally to the foreign corporation, or send a copy to the foreign corporation in accordance with the order or specification of the statutory delineation. Instead, they mailed a summons and complaint to: "Volkswagen of America on behalf of Volkswagenwerk-Aktien Gesellschaft, 600 Sylvan Avenue, Englewood Cliffs, N.J. 07632”. The complaint indicated that VWAG "was and is a corporation organized and existing under the laws of the Federal Republic of West Germany,” and an attached rider gave the post office address of VWAG as "Rechtswesen Ausland, Wolfsburg 3180 West Germany”. Plaintiffs urge that their choice for notification to VWAG complied with Business Corporation Law § 307 (b) (2) and the courts below have sustained their jurisdiction claim.
 

 The dispositive issues are: (1) whether plaintiffs may properly rely on and drop down to the last service completion specification in Business Corporation Law § 307 (b) (2), i.e., mailing to "the last address of such foreign corporation known to the plaintiffs],” without attempted satisfaction or explanation of the preceding service prescriptions; and (2) whether such mailing option, if authorized, complied with the direction that it be effected to the "address of such foreign corporation”.
 

 VWAG moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint against it, on the ground that plaintiffs did not secure personal jurisdiction over it because plaintiffs’ attempted service of process on it did not comply with Business Corporation Law § 307 (b) (2). VWAG further maintained that as a foreign corporation incorporated in West Germany not
 
 *207
 
 authorized to do business in New York, it must be served in accordance with the Hague Service Convention. Concededly this was not done, but we need not address that issue since we conclude that Business Corporation Law § 307 (b) (2) was not otherwise satisfied and the action should be dismissed.
 

 Supreme Court denied VWAG’s motion to dismiss, stating that VO A was a proper agent for completion of service on and notice to VWAG. The Appellate Division affirmed the order, stating that personal jurisdiction is acquired over a foreign corporation pursuant to Business Corporation Law § 307 (b) (2) by service made on a local corporation so controlled by the foreign corporation that the local corporation can be deemed a mere department of the foreign corporation. The local corporation in such instance is deemed the involuntary agent of the foreign corporation, "[t]hus, if VOA is a mere department of VWAG, VWAG was properly served under Business Corporation Law § 307”
 
 (Stewart v Volkswagen of Am.,
 
 181 AD2d 4, 7). That Court then cited a number of non-New York cases, as well as
 
 Luciano v Garvey Volkswagen
 
 (131 AD2d 253) for the proposition that VOA is a mere department of VWAG. Other cases
 
 (Brandt v Volkswagen AG.,
 
 161 AD2d 1149;
 
 Derso v Volkswagen of Am.,
 
 159 AD2d 937) which support a contrary proposition were distinguished because "in each of those cases, unlike the case at bar, VWAG raised a factual question, and presented evidence, as to whether VOA was a mere department of VWAG”
 
 (Stewart v Volkswagen of Am.,
 
 181 AD2d, at 8,
 
 supra).
 

 The incontestable starting proposition in cases of this kind is that once jurisdiction and service of process are questioned, plaintiffs have the burden of proving satisfaction of statutory and due process prerequisites
 
 (see, Lamarr v Klein,
 
 35 AD2d 248,
 
 affd
 
 30 NY2d 757). Business Corporation Law § 307 establishes a mandatory sequence and progression of service completion options to acquire jurisdiction over a foreign corporation not authorized to do business in New York. We have made plain that these steps are "requirements of a jurisdictional nature which must be strictly satisfied”
 
 (Flick v Stewart-Warner Corp.,
 
 76 NY2d 50, 54). Thus, when VWAG contested plaintiffs’ effort to obtain New York jurisdiction over it by service on the New York Secretary of State, plaintiffs had to demonstrate not only that notice had in some manner been mailed to VWAG or some agent, but also that the specified steps for gaining jurisdiction by service and notice were
 
 *208
 
 precisely followed in the delineated sequence set forth in the statute.
 

 Plaintiffs were obligated in the first instance to ascertain that there was no post office address specified for VWAG to receive process or other registered or office address for VWAG on file with the German equivalent of the Secretary of State
 
 before
 
 descending to the next level of notification options, i.e., mailing a copy of the process to "the last address [of VWAG] known to the plaintiff” (Business Corporation Law § 307 [b] [2]). They did not do so and claim they were under no obligation to proceed in this strict sequential pattern.
 

 We conclude that plaintiffs’ efforts in this case suffer from two key deficiencies. First, plaintiffs do not even purport to satisfy the first two statutory specifications, claiming without justification or support that they have no burden to show attempted compliance with them. In effect, they take the position that they can choose randomly from the menu of the statute. Second, even if plaintiffs, for argument’s sake, were permitted to proceed directly to the end of subdivision (b) (2)’s "last known address” option, it was not correctly utilized because plaintiffs sent the copy of the process to VO A at its office in New Jersey "on behalf of’ VWAG. That is not VWAG’s "last known address,” as prescribed and contemplated by the statute, even if VO A is a mere department of VWAG. Besides, plaintiffs’ own rider to the summons and complaint shows that they possessed an address for VWAG in Germany. When a plaintiff chooses to try to acquire personal jurisdiction pursuant to Business Corporation Law § 307, which provides for service constructively on the Secretary of State, the provisions must be strictly complied with and a second constructive service mechanism is not authorized. The statute offers no alternatives for notification through an agent, whether involuntary or not, when jurisdiction is invoked initially by service on the Secretary of State, an involuntary and legally fictional agent in the first phase
 
 (see, Newman v Searle & Co.,
 
 50 AD2d 574;
 
 Koepke v Bilnor Corp.,
 
 55 Misc 2d 928).
 

 We should note that the agency doctrine relied on below is also flawed because it is predicated on an inapposite set of relationships. The notion that
 
 service of process
 
 in accordance with a different statutorily prescribed method on a wholly owned subsidiary will effectuate service on a parent corporation and result in jurisdiction over the parent is of no conse
 
 *209
 
 quence or aid to plaintiffs in this case
 
 (see, Taca Intl. Airlines v Rolls-Royce of England,
 
 15 NY2d 97). Business Corporation Law § 307 is not simply a method for service on a corporation
 
 (contrast,
 
 CPLR 311 [1]). Rather, Business Corporation Law § 307 is a distinctive jurisdictional provision mandating that where there is a basis for general jurisdiction over an unauthorized foreign corporation under CPLR article 3, "process against such foreign corporation may be
 
 served upon the secretary of state as its agent”
 
 (Business Corporation Law § 307 [a] [emphasis added]). "Because the appointment of the Secretary of State as agent is a constructive rather than an actual designation, the statute contains procedures calculated to assure that the foreign corporation, in fact, receives a copy of the process”
 
 (Flick v Stewart-Warner Corp.,
 
 76 NY2d, at 56,
 
 supra),
 
 and "strict compliance with [those procedures] is required”
 
 (id.,
 
 at 57).
 

 Assuming they could somehow overcome all the noted deficiencies, plaintiffs make a last leap argument that "the last address of
 
 such foreign corporation
 
 known to the plaintiff” can be any address of the foreign corporation or its related entities and need not be the principal place of business of that corporation or, indeed, of such foreign corporation itself. They find support for this thesis on the sandy shoals of the Appellate Division conclusion that VOA is a mere department of VWAG. For plaintiffs, the New Jersey address of VOA which they attempted to use to satisfy the statute "is just as much a last known address as an address [of VWAG] in Germany”. We cannot agree because if this argument were accepted, it would desiccate the strict prescriptions of Business Corporation Law § 307 (b) (2) and the rationale of
 
 Flick
 
 and would render the application of the statute of dubious constitutional quality.
 

 Finally, we note that
 
 Luciano v Garvey Volkswagen
 
 (131 AD2d 253,
 
 supra),
 
 so heavily relied upon by plaintiffs, did not hold that VOA is a "mere department” of VWAG for all purposes. That case was decided on a question of liability under an express warranty and may not serve on a collateral estoppel basis to establish that VOA is an agent of VWAG for purposes of service under Business Corporation Law § 307 (b) (2). VOA has not been proven to be a mere department of VWAG in this case for purposes of this jurisdictional statute.
 

 Plaintiffs not having satisfied their burden of establishing jurisdiction, the action should be dismissed.
 

 
 *210
 
 Accordingly, the order of the Appellate Division should be reversed, with costs, and the certified question should be answered in the negative and the motion to dismiss should be granted.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Smith concur.
 

 Order reversed, with costs, defendant-appellant’s motion to dismiss the complaint as against it granted and certified question answered in the negative.