In the Matter of the Arbitration between CACV OF COLORADO, LLC, Respondent, and LUCY J. NOWAK, Appellant. [887 NYS2d 897]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered July 15, 2008 in a proceeding pursuant to CPLR article 75. The order, among other things, granted the petition.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 75 proceeding seeking to confirm an arbitration award. Supreme Court granted the petition and denied respondent's motion seeking to dismiss the petition for lack of personal jurisdiction. We reverse. "[T]he incontestable starting proposition in cases of this kind is that once jurisdiction and service of process are questioned, [petitioner] ha[s] the burden of proving satisfaction of statutory and due process prerequisites" (*Matter of Country Side Sand & Gravel Inc. v Town of Pomfret Zoning Bd. of Ap-*

*peals*, 57 AD3d 1501, 1502 [2008], quoting *Stewart v Volkswagen of Am.*, 81 NY2d 203, 207 [1993]). We conclude that petitioner failed to meet that burden by its conclusory and unsubstantiated assertions that respondent was served with the notice of petition and verified petition. Indeed, petitioner failed to produce any evidence, such as an affidavit of service or a signed acknowledgment of receipt, demonstrating that respondent was properly served with the notice of petition and verified petition pursuant to CPLR 308 or CPLR 312-a. In light of our determination, we do not consider respondent's remaining contentions. Present—Scudder, P.J., Hurlbutt, Martoche, Centra and Peradotto, JJ.