[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (DOCUMENT NO. 106)
This is a wrongful death action against defendants pursuant to Connecticut General Statutes section 52-555, et seq. and 52-599, et seq. by the plaintiff Nilda Negron, administratrix of decedent Ana Rivera's estate, and plaintiff Garon Camassar, temporary administrator for decedent Rivera's estate. The decedents allegedly died on July 4, 1987. CT Page 1226
This complaint is against defendants Club Med, Inc.; Club Med Sales, Inc.; Services Aeros Professionals, S.A.; Roger Potrin, d/b/a Camelot Travels and American Airlines.
The present motion to dismiss before the Court is brought by defendants Club Med, Inc. and Club Med Sales, Inc. As to these defendants plaintiffs allege a negligence claim in that: defendants failed to provide safe air transportation; defendants booked the decedents into a resort in Haiti, despite and without warning of political unrest in the country; and defendants chartered an ill-equipped aircraft to transport decedents.
Plaintiffs allege that both these defendants repeatedly solicited business in the state of Connecticut in many ways, including sending brochures to various travel agents throughout the state whose business was solicited by these defendants.
Plaintiffs also allege a breach of contract claim against defendants for a breach of an express term on their sales brochure. Plaintiffs allege that the defendants failed to provide safe alternative air transportation which conformed to Public Charter Regulations.
The defendants Club Med, Inc. and Club Med Sales, Inc. move to dismiss the complaint pursuant to section 142 of the Practice Book. The first ground for the motion to dismiss is that the named plaintiffs do not have the capacity to bring this action. The second ground for dismissal is brought by defendant Club Med, Inc. separately. The second ground for dismissal by Club Med, Inc. is insufficiency of service of process and lack of personal jurisdiction.
The court (Vasington, J.) ruled on the first ground of defendants' motion and denied it. Therefore, the only issue before the Court at the present time is whether service of process was sufficient as to defendant Club Med, Inc. which would allow the Court to exercise personal jurisdiction over it.
LAW
A defendant may assert a motion to dismiss for lack of jurisdiction over the person and insufficiency of service of process. Connecticut Practice Book section 143. "Jurisdiction is defined as the power in a court to hear and determine the cause of action presented to it." Chrysler Credit Corporation v. Fairfield Chrysler Plymouth Inc.,180 Conn. 229 (1980). CT Page 1227
To establish personal jurisdiction over a foreign defendant, the plaintiff must show the defendant has minimum contacts with Connecticut. (General Statutes section 33-411(c)). Service of process over a foreign corporation defendant must be done pursuant to section 33-411(a) of Connecticut General Statutes.
DISCUSSION
Defendant contends that the service of process made on Club Med, Inc. by serving its agents at 317 Farmington Avenue in Plainville, Connecticut, was insufficient. Defendant also contends that service was not sufficient when made on the United States Corporation Company at 229 S. State Street in Dover, Delaware, and on the Connecticut Secretary of State.
Defendant argues that Connecticut does not have any long arm jurisdiction over Club Med, Inc. and therefore this Court lacks personal jurisdiction over defendant.
Defendant further contends in its memorandum that Club Med, Inc. is incorporated in the Cayman Islands with its principle place of business there as well. Club Med, Inc. contends it does not conduct business in Delaware nor is it incorporated there, which defendant claims makes service on the Delaware office of the United States Corporations Company insufficient service of process as to the defendant Club Med, Inc.
Defendant also argues that it did not transact business in Connecticut and appoint the Secretary of State as its attorney for service of process pursuant to Connecticut General Statutes section 33-411(a).
According to the defendant Club Med, Inc., the Court also lacks long arm jurisdiction under Connecticut General Statutes section 33-411(c) in that defendant contends it has not performed any of the actions enumerated in the statute. Club Med, Inc. contends that any business solicited in Connecticut for Club Med vacations is performed by Club Med Sales, Inc.
Plaintiffs contend in their memorandum in opposition to the motion to dismiss that Club Med, Inc., both directly and indirectly through Club Med Sales, Inc., purposefully availed itself of the privilege of conducting business activities within Connecticut and has therefore subjected itself to suit in the state. Plaintiffs further contend that service of process was proper under Connecticut General CT Page 1228 Statutes section 33-411(c) which enables service to be made on the secretary of state.
Connecticut General Statutes section 33-411 states in relevant part:
 (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance. (d) In any action brought (1) under subsection (b) or (c) of this section or (2) under subsection (e) of section 33-371, or in any foreclosure or other action involving real property located in this state in which a foreign corporation, although not transacting business in the state, owns or claims to own an interest, the secretary of the state shall be deemed the agent of the corporation in this state and service of process on such corporation shall be made as provided in subsection (a) of this section, except that the CT Page 1229 secretary of the state shall address the copy thereof to the corporation at the address of its executive offices or, if it has no such office, to such corporation's last office as shown in the official registry of the state or country of its incorporation, which address shall be set forth in the writ or other process. Upon service being so made, the court may proceed to a hearing at the first term or session, or thereafter, as it deems proper.
Before determining whether the service of process was proper as to the defendant, the Court must determine whether the long arm statute authorizes jurisdiction over defendant Club Med, Inc. under the facts of this case. Lombard Brothers, Inc. v. General Asset Management Company, 190 Conn. 245,250 (1983). The plaintiff bears the burden of proof to prove jurisdiction when constructive service is used. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54 (1983).
"In order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Standard Tallow Corporation, 190 Conn. at 52; see also International Shoe Company v. Washington, 325 U.S. 310 (1945). Minimum contact with the forum state is such that it should be reasonably foreseeable by the defendant that he would be hailed into court in the forum. Lombard Brothers, Inc., 190 Conn. at 250; see also World-Wide Volkswagen Corporation v. Woodson,444 U.S. 286, 297 (1980).
Plaintiff contends that the defendant is subject to the Court's jurisdiction pursuant to Connecticut General Statutes section 33-411(c) because defendant solicited business in this state. Consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being hailed into court here. Lombard, 190 Conn. at 255 (citing World-Wide Volkswagen Corporation, 444 U.S. at 297).
Defendant Club Med, Inc. argue, that the Court lacks jurisdiction over it because it did not transact business in Connecticut. Connecticut courts have never determined whether personal jurisdiction may be extended over a foreign CT Page 1230 corporation simply because of its relationship with an affiliate corporation or a subsidiary corporation. Federal courts, including those of the second circuit, have decided this issue.
The leading case in the second circuit on this issue where the court found jurisdiction over the foreign corporation is Frummer v. Hilton Hotel International, Inc.,19 N.Y.2d 533, 227 N.E.2d 851 (D.N.Y. 1967). In Frummer the plaintiff, who was injured in a Hilton Hotel in London, England (Hilton U.K.) brought suit in New York against Hilton U.K., Hilton Hotels International and Hilton Hotels Corporation. The latter two defendants were both Delaware corporations doing business in New York. Frummer,227 N.E.2d at 852. Hilton U.K. moved to dismiss for lack of personal jurisdiction for the same reason asserted by the defendant in the present case.
The Court of Appeals of New York held that Hilton U.K. was in fact doing business in New York through Hilton Reservation Service (hereinafter Service). This Service had a New York office, bank account and telephone number. It also provided services for public relations and publicity work for the defendant Hilton U.K. Id. at 854-55. "It most certainly `helps to generate business'. . .for the London Hilton — which indeed, was the very purpose for which it was established." Id. at 854.
"The `significant and pivotal factor' cited by the New York Court of Appeals in justifying its conclusion that Hilton Hotels U.K. was present in (New York) through the activities of the service was that the reservation service was able to accept and confirm reservations in New York for space in the London hotel" Jayne v. Royal Jordanian Airlines Corp.,502 F. Sup. 848, 857 (S.D.N.Y. 1980).
In Frummer, both the Hilton U.K. and the Hilton Reservation Service were owned in common by the other defendant. The Service was run on a non-profit basis to benefit the Hilton U.K. and other Hilton Hotels. Id. at 854. Therefore, the presence of Hilton U.K. in New York for jurisdictional purposes was established by the activities conducted by Reservation Service. Id.
"New York law provides two grounds for the attribution to a foreign corporation of the acts of another entity for the purpose of assessing personal jurisdiction over a foreign corporation." H. Heller Company, Inc. v. Novacor Chemicals Ltd., 726 F. Sup. 49, 54 (S.D.N.Y. 1988). The first basis is that the entity within the state is a "mere CT Page 1231 department" of the foreign corporation." Id. at 54; see also Frummer, 227 N.E.2d 851 (1967).
"A subsidiary will be considered a `mere department' only if the foreign parent's control of the subsidiary is pervasive enough that the corporate separation is more formal than real." Id. citing Taca International Airlines, S.A. v. Rolls Royce of England, Ltd., 15 N.Y.2d 97, 256 N.Y.S.2d 129,204 N.E. 329 (1965). The court determines this jurisdictional basis by looking "to factors beyond mere stock ownership, such as the subsidiary's financial dependency on the parent, the parent's interference in assignment of top executive personnel of the subsidiary, failure to observe corporate formalities, and control by the parent of the subsidiary's day-to-day operations." H. Heller Company, Inc., 726 F. Sup. at 54 (citing Volkswagenwerk A.G. v. Beech Aircraft Corp., 751 F.2d 117,120-122 (2d Cir. 1984)).
The second basis for jurisdiction over a foreign corporation occurs when the entity within the state acts as an agent for the corporation. H. Heller Company, Inc.,726 F.2d at 54; see also Frummer, 227 N.E.2d 851. "To constitute an agent for jurisdictional purposes the `alleged agent must have acted in (New York) for the benefit of and with the knowledge and consent of the non-resident and the non-resident must exercise some element of control over the agent."' H. Heller 
Company, Inc., 726 F.2d at 55 (citing Selman v. Harvard Medical School, 494 F. Sup. 603, 611 (S.D.N.Y.) (citation omitted) aff'd mem. op., 636 F.2d 1204 (1980). "In the absence of an express agency agreement, the common ownership of two corporations `gives rise to a valid inference as to the broad scope of the agency.'" Jayne, 502 F. Sup. at 856 (citing Frummer, 227 N.E.2d at 854). The entity within the state will confer jurisdiction on the foreign corporation under an agency theory "if the corporation within the state `does all the business which (the foreign corporation) could do were it here by its own officials."' Id.; see also Bialek v. Racal-Milgo, Inc., 545 F. Sup. 25, 32 (S.D.N.Y. 1982).
In the present case the plaintiff alleges jurisdiction based on the Club Med Sales, Inc. and/or Club Med, Inc.'s repeated solicitation of business in the state of Connecticut. Plaintiffs have submitted as Exhibit A as their objection to the motion to dismiss a copy of a brochure the decedents received pertaining to the Club Med vacation. Plaintiff also submitted a copy of a telephone listing for "Club Med" as Exhibit C.
This evidence alone is not sufficient to confer jurisdiction over Club Med, Inc. because the advertisement CT Page 1232 brochure does not discuss whether a parent/subsidiary relationship exists between Club Med, Inc. and Club Med Sales, Inc. The telephone listing refers to "Club Med" and does not specify which corporation operates from the number advertised in the Connecticut telephone book.
Defendant Club Med, Inc. submitted an affidavit from Joseph Townsend as Exhibit G. Mr. Townsend stated from personal knowledge that Club Med Inc. did not conduct business in Connecticut nor was it registered to conduct business in Connecticut.
The supporting documents submitted by both parties are not enough to determine jurisdiction over Club Med, Inc. The record also does not reflect facts sufficient to determine jurisdiction over Club Med, Inc.
The record contains plaintiff's December 11, 1989, second set of interrogatories and requests for production as well as answers to those interrogatories and production by defendants Club Med, Inc. and Club Med Sales, Inc. In the interrogatories the plaintiffs asked whether there were any contracts and/or agreements in effect in 1987 between Club Med, Inc., its parent or subsidiaries and any travel agents in the United States (Interrogatory No. 10). Plaintiff also asked defendants what percentage of Club Med Sales, Inc. was owned by Club Med, Inc. in 1987, 1988 and 1989 and the contracts or agreements between the two corporations. (Interrogatory Nos. 17, 18).
The defendants answered Interrogatories 10, 17 and 18 by submitting "copies of any and all documents requested or discussed" in those interrogatories. Those documents are not part of the record. The content of the documents is pertinent to this matter to properly determine whether the court has jurisdiction over Club Med, Inc. through the services provided by Club Med Sales, Inc. to travel agencies within the state of Connecticut.
"When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse." Standard Tallow Corporation, 190 Conn. at 56. The Connecticut Supreme Court held that the trial court in Standard Tallow Corporation erred in not holding such a hearing. Id.
Since factual issues are present in this case, the court may before ruling on the motion to dismiss hold a hearing to ascertain the disputed facts. Garden Mutual Benefit CT Page 1233 Ass. v. Levy, 37 Conn. Sup. 790, 791 (1981); Standard Tallow Corporation, 190 Conn. at 56.
By holding an evidentiary hearing the Court may be able to determine whether Club Med Sales, Inc. is a subsidiary/agent of Club Med, Inc. or a department of Club Med, Inc. Based on the answers to these interrogatories, the parties to this action should have the documents which will determine this disputed fact. Therefore, an evidentiary hearing is ordered to be conducted in a timely manner.
AXELROD, J.