■ BAKERY SALVAGE CORPORATION, Appellant, v MAPLE

LEAF FOODS, INC., Respondent. [600 NYS2d 874] —Order unanimously affirmed with costs. Memorandum: Plaintiff commenced this action against defendant, a Canadian corporation, alleging that defendant breached a contract that was negotiated and executed in Canada and that contemplated defendant's performance of certain acts in Canada. On defendant's motion, the court dismissed the action for lack of personal jurisdiction, in particular, lack of long-arm jurisdiction under CPLR 302. On appeal, plaintiff contends that, although defendant might not be subject to long-arm jurisdiction under CPLR 302, defendant is nonetheless "doing business" in New York and therefore "present" and subject to personal jurisdiction under CPLR 301 *(see, Landoil Resources Corp. v Alexander & Alexander Servs.,* 77 NY2d 28, 33; *Laufer v Ostrow,* 55 NY2d 305, 309-310; *Frummer v Hilton Hotels Intl.,* 19 NY2d 533, 536; *Taca Intl. Airlines v Rolls-Royce,* 15 NY2d 97; *Tauza v Susquehanna Coal Co.,* 220 NY 259, 269).

We conclude that plaintiff failed to submit competent evidence of defendant's corporate presence in New York. In his own words, plaintiff's affiant merely "speculat[ed]" that defendant "ships products consistently into New York State and has a substantial business presence" here. He then referred to a newspaper article purporting to show that defendant recently had entered into a joint venture to operate a grain mill in Buffalo. The article referred only to prospective business activities in New York. Further, the article constitutes double hearsay. The CPLR contemplates submission of evidentiary material on a motion to dismiss (CPLR 3211 [c]), and the news article furnished by plaintiff does not qualify. We therefore conclude that the court properly dismissed the action based on defendant's proof that it is not doing business in New York. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Dismiss Complaint.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.