**PFIZER INC., Plaintiff,**

v.

**PERRIGO COMPANY, Defendant.**

95 Civ. 5072 (DC).

United States District Court, S.D. New York.

Oct. 31, 1995.

pany ("Perrigo") moves to dismiss the complaint for lack of personal jurisdiction. Perrigo is a Michigan corporation with its principal place of business in Allegan, Michigan. It contends that it is not subject to suit in New York because it (i) does not do or transact business in New York; (ii) has no office, warehouse, telephone listings, postal boxes, or officers or employees here; (iii) does not own or lease any property in New York; and (iv) does not advertise, sell, or offer for sale any products here.

Perrigo filed its motion without first requesting a pre-motion conference as required by my rules. Hence, I held a conference on September 28, 1995 to discuss the motion. Counsel for plaintiff Pfizer Inc. ("Pfizer" or "plaintiff") presented me with a number of different products (baby shampoo, baby lotion, mouthwash, dandruff shampoo, cough syrup, etc.) purchased recently in New York State. Counsel for plaintiff also presented me with a 1994 Form 10–K and a 1993 Annual Report for Perrigo that show that Perrigo manufactured these products and that strongly suggest that Perrigo sold (or caused to be sold) these products in New York.

Hopgood, Calimafde, Kalil & Judlowe by Stephen B. Judlowe, William G. Todd, and Michael A. Adler, New York City, for Plaintiff Pfizer Inc.

Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein by John G. Gilfillan III, Roseland, NJ, for Defendant Perrigo Company (Price, Heneveld, Cooper, Dewitt & Litton, by H.W. Reick, James A. Mitchell, and Mark E. Bandy, Grand Rapids, MI, of counsel).

## MEMORANDUM DECISION

CHIN, District Judge.

In this patent infringement and unfair trade practices case, defendant Perrigo Com-

## DISCUSSION

■ Perrigo is the parent company of several wholly-owned subsidiaries. These subsidiaries manufacture and distribute over-the-counter pharmaceuticals, health and beauty products, and vitamins to retail chains and outlets. The retailers in turn sell the products under the stores' brand names.

Perrigo argues that it is simply a holding company that does not make, use, sell, manufacture, package or distribute any products, that does not develop or formulate any products, and that does not ship, market or advertise any products. In essence, Perrigo makes the absurd argument that it does not transact any business anywhere.[1]

1. In his affidavit, Steven M. Neil, Vice President and Chief Financial Officer of Perrigo ("Neil"), states that "Perrigo Company does not make, use, sell, manufacture, package, or distribute any products" nor does it "market or advertise any products." Neil Affidavit ¶¶ 5, 11. Perrigo's 1994 10–K Report, however, contradicts Neil's affidavit. It states that "[t]he Company currently markets approximately 900 store brand products" and also lists "some of the products marketed by the Company under store brand labels." Perrigo 1994 10–K at 3, 4. Additionally, Perri-

■ It is clear, however, that Perrigo performs its business activities through its wholly owned subsidiaries. In its letter brief dated October 5, 1995, counsel for Perrigo acknowledged that "the business activities of Perrigo Company [are] being conducted solely through wholly owned subsidiary corporations." In his affidavit, Neil states that "Perrigo Company has entered into no sales ... with any customers in New York." Neil Affidavit ¶ 15. This statement illustrates Perrigo's failure to recognize that a foreign corporation can sell goods and perform other activities in New York through its subsidiaries, subjecting the parent corporation to personal jurisdiction in New York. *See Canterbury Belts Ltd. v. Lane Walker Rudkin, Ltd.,* 869 F.2d 34, 40 (2d Cir.1989) (*citing Taca Int'l Airlines, S.A. v. Rolls–Royce of England, Ltd.,* 15 N.Y.2d 97, 99, 256 N.Y.S.2d 129, 204 N.E.2d 329 (1965)).

I find that plaintiff has made a sufficient showing that Perrigo is subject to New York jurisdiction under either CPLR 301 or 302(a)(1), for plaintiff has made a prima facie showing that Perrigo sells and supplies, or has caused to be sold or supplied, goods in New York State, including the dental rinse product that is the subject of this suit. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994); *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197, *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985); *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117, 120 (2d Cir.1984). As demonstrated by the numerous Perrigo products sold in New York through various retailers, it is clear that Pfizer has made a prima facie showing that Perrigo sells goods to retailers in New York through its wholly-owned subsidiaries. The 10–K and Annual Reports submitted by Pfizer indicate that Perrigo exercises sufficient control over its subsidiaries for the New York activities of those subsidiaries to subject Perrigo to personal jurisdiction with respect to the claims asserted in this case. *See Beech Aircraft,* 751 F.2d at 120.

■ Perrigo's argument that the exercise of personal jurisdiction over it offends the Due Process Clause of the Fourteenth Amendment is without merit. The sale of its goods in New York through its subsidiaries establishes minimum contacts with the forum state, and shows that Perrigo has purposely availed itself of the privilege of conducting activities in New York. *See Bensmiller v. E.I. Dupont de Nemours & Co.,* 47 F.3d 79, 84–85 (2d Cir.1995) (*citing International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).

For the foregoing reasons, the motion to dismiss is denied.

SO ORDERED.

go's 1993 Annual Report describes the Company's "strategy to remain the leading manufacturer and marketer of store brand over-the-counter (non-prescription) pharmaceuticals and personal care products...." Perrigo 1993 Annual Report at 17.