Biswas v Aramis Distribs. N.Y., Inc. (2025 NY Slip Op 06803)

Biswas v Aramis Distribs. N.Y., Inc.

2025 NY Slip Op 06803

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Moulton, J.P., Kapnick, Mendez, Shulman, Hagler, JJ. 

Index No. 190004/23|Appeal No. 5312|Case No. 2024-06848|

[*1]Rohan Biswas et al., Plaintiffs-Respondents,
v
Aramis Distributors New York, Inc., et al., Defendants, IMI Fabi LLC et al., Defendants-Appellants.

Lynch Daskal LLP, New York (Bernard Daskal of counsel), for appellants.
Dean Omar Branham Shirley LLP, Dallas, TX (Misty Ann Farris of the bar of the State of Texas, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about November 6, 2024, which denied the separate motions of defendants IMI Fabi, LLC (Fabi LLC) and IMI Fabi (USA) Inc. (Fabi USA), to dismiss the complaint and all cross-claims as against them for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8), unanimously modified, on the law, to deny defendants' motion to dismiss without prejudice to renew following the completion of discovery concerning personal jurisdiction over Fabi LLC and Fabi USA, and otherwise affirmed, without costs.
The party opposing a motion to dismiss for lack of personal jurisdiction "ha[s] the burden of proving satisfaction of statutory and due process prerequisites" (Stewart v Volkswagen of Am., 81 NY2d 203, 207 [1993]). In applying CPLR 302 (a) (1), New York's long-arm jurisdiction statute, "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 NY3d 65, 71 [2006] [internal quotation marks omitted], cert denied 549 US 1095 [2006]).
Although the record here does not warrant an affirmative finding of personal jurisdiction over defendants under the long-arm statute, plaintiffs have made the "sufficient start" necessary for jurisdictional discovery to go forward (see Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 74 [1st Dept 2024]; Matter of James v iFinex Inc., 185 AD3d 22, 30 [1st Dept 2020]). While defendants' affidavits broadly aver a lack of any contact with New York, there is evidence in the record indicating that appellants may have a connection with New York and with defendant IMI Fabi (Diana) LLC sufficient to support personal jurisdiction. Fabi LLC's position that plaintiff cannot rely on the fact that he was in the presence of his mother when she used a product containing cosmetic talc manufactured by it, because it did not begin manufacturing cosmetic talc until years after the mother testified to using it, is not supported by the record. The mother's deposition testimony states that she obtained the product from a facility in New York through her own mother's friends as late as 2007 or 2008. The testimony also supports plaintiffs' position that a portion of the exposure occurred while plaintiff was in New York. Further, plaintiffs submitted documents they obtained from other talc actions involving defendants that cast doubt on Fabi LLC's position that it merely sold its product to a New Jersey distributor and had no knowledge of what became of the talc thereafter. These documents also provide a basis for permitting jurisdictional discovery from Fabi USA, notwithstanding that defendants maintain that it is merely a holding company.
Accordingly, "the court should not have denied the motion to dismiss outright, but only to the extent of denying it without prejudice to renew following the completion of jurisdictional discovery" (477 Realty, L.L.C. v Wing Soho, LLC, 234 AD3d 469, 471 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025